# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| MYRNA B. TAGUYUN and ROBERT S. MANDELL | ) |
| Plaintiffs, | ) |
| *vs.* | ) CIVIL ACTION NO. 08-CV-00476 (JR) |
| | ) |
| FEDERAL HOME LOAN MORTGAGE COPR. a/k/a "FREDDIE MAC" | ) |
| | ) MOTION TO DISMISS PURSUANT |
| and | ) TO FED. R. CIV. P. 12(B)(2) AND |
| | ) 12(B)(3), OR IN THE ALTERNATIVE, |
| BANK OF AMERICA, N.A. | ) TO TRANSFER VENUE |
| | ) |
| and | ) |
| | ) |
| STATE OF NEW JERSEY, | ) |
| CITY OF CLIFTON, NEW JERSEY | ) |
| | ) |
| and | ) |
| | ) |
| MUNICIPAL COURT, CITY OF CLIFTON, NEW JERSEY | ) |
| | ) |
| and | ) |
| | ) |
| BOROUGH OF HAWTHORNE | ) |
| 445 Lafayette Ave. | ) |
| Hawthorne, New Jersey 07506 | ) |
| | ) |
| and | ) |
| | ) |
| MUNICIPAL COURT OF THE CITY OF HAWTHORNE | ) |
| 445 Lafayette Ave. | ) |
| Hawthorne, New Jersey 07506 | ) |
| | ) |
| and | ) |
| | ) |
| JOHN F. MEOLA, JUDGE, MUNICIPAL COURT OF THE BOROUGH OF HAWTHORNE | ) |
| 445 Lafayette Ave. | ) |
| Hawthorne, New Jersey 07506 | ) |
| | ) |

and                                          )
                                             )
SCOTT BENNION, JUDGE, MUNICIPAL              )
COURT OF THE CITY OF CLIFTON,                )
NEW JERSEY                                   )
                        Defendants.          )
_____)

COME NOW the Defendants Borough of Hawthorne, Municipal Court for the Borough

of Hawthorne, and Judge John F. Meola, by counsel, and move for the entry of an Order

dismissing this action pursuant to Rules 12(b)(2) and 12(b)(3) of the Federal Rules of Civil

Procedure or, alternatively, transferring this action to the United States District Court for the

District of New Jersey pursuant to 28 U.S.C. §§ 1404(a) or 1406(a).   In support thereof,

Defendants incorporate their Memorandum of Law and the Affidavit submitted herewith and

attached hereto.

By:  _/s/_____
     Donald C. Weinberg, Esq. (D.C. Bar #956839)
     DOMBROFF, GILMORE, JAQUES & FRENCH
     1676 International Drive
     Penthouse, McLean, Virginia 22102
     Ph: 703-336-8717
     Fax: 703-336-8750


By:  _/s/_____
     David T. Pfund, Esq.
     (not admitted in D.C.)
     REISEMAN, ROSENBERG & PFUND, P.C.
     201 Littleton Road
     P.O. Box 513
     Morris Plains, NJ 07950
     Ph: 973-206-2500
     Fax: 973-206-2501

     Attorneys for Defendants Borough of Hawthorne,
     Borough of Hawthorne Municipal Courts and Judge
     John F. Meola


Dated: May 13, 2008

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MYRNA B. TAGUYUN and ROBERT S.          )
MANDELL                                 )
            Plaintiffs,         )
     *vs.*                               )  CIVIL ACTION NO. 08-CV-00476 (JR)
                                        )
FEDERAL HOME LOAN MORTGAGE               )
COPR. a/k/a "FREDDIE MAC"                )
                                        )
and                                      )
                                        )
BANK OF AMERICA, N.A.                    )
                                        )
and                                      )
                                        )
STATE OF NEW JERSEY,                     )
CITY OF CLIFTON, NEW JERSEY              )
                                        )
and                                      )
                                        )
MUNICIPAL COURT, CITY OF CLIFTON,        )
NEW JERSEY                               )
                                        )
and                                      )
                                        )
BOROUGH OF HAWTHORNE                      )
445 Lafayette Ave.                       )
Hawthorne, New Jersey 07506              )
                                        )
and                                      )
                                        )
MUNICIPAL COURT OF THE CITY OF           )
HAWTHORNE                                )
445 Lafayette Ave.                       )
Hawthorne, New Jersey 07506              )
                                        )
and                                      )
                                        )
JOHN F. MEOLA, JUDGE, MUNICIPAL          )
COURT OF THE BOROUGH OF                  )
HAWTHORNE                                )
445 Lafayette Ave.                       )
Hawthorne, New Jersey 07506              )
                                        )
and                                      )
                                        )

SCOTT BENNION, JUDGE, MUNICIPAL      )
COURT OF THE CITY OF CLIFTON,        )
NEW JERSEY                           )
                    Defendants.      )
_____)

## MEMORANDUM OF LAW OF BOROUGH OF HAWTHORNE, HAWTHORNE MUNICIPAL COURT AND JUDGE JOHN F. MEOLA IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(6)

    /s/
Donald C. Weinberg, Esq. (D.C. Bar # 956839)
(D.C. Bar #956839)
DOMBROFF, GILMORE, JAQUES & FRENCH
1676 International Drive
Penthouse, McLean, Virginia 22102
Ph: 703-336-8717
Fx: 703-336-8750
Counsel for the Defendants Borough of Hawthorne,
Municipal Court for the Borough of Hawthorne, and
Judge John F. Meola


    /s/
David Pfund, Esq.
(not admitted in D.C.)
Reiseman, Rosenberg & Pfund
201 Littleton Road
Morris Plains, NJ  07950-0513
Co-Counsel for the Defendants Borough of
Hawthorne, Municipal Court for the Borough of
Hawthorne, and Judge John F. Meola

## TABLE OF CONTENTS

TABLE OF AUTHORITIES.......................................................................... 4

I.      PRELIMINARY STATEMENT ....................................................... 6

II.     STATEMENTOF FACTS.............................................................. 6

III.    ARGUMENT ................................................................................. 8

        A.      The Standard for Relief Under Fed. R. Civ. P. 12(b)(6).................... 8

        B.      The Complaint Fails to State a Claim for Which
                Relief may be Granted Against the Borough of Hawthorne........... 10

        C.      Plaintiff's Complaint Must be Dismissed as the District Court
                of the District of Columbia does not have personal jurisdiction
                over the Borough of the Hawthorne.................................................. 11

        D.      The District Court of the District of Columbia is an improper
                Venue................................................................................................ 12

        E.      The case has no connection with the District of Columbia .............. 14

IV.     CONCLUSION................................................................................ 15

TABLE OF AUTHORITIES

**CASES**

*Goldman v. Belden,* 754 F.2d 1059, 1067 (2d Cir. 1985).------------------------------------------- 9

Hanson v. Denckla, 357 U.S. 235, 253 (1958). --------------------------------------------------------12

International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). ----------------------------------11

International Shoe, 326 U.S. at 319 (1945). ------------------------------------------------------------12

Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995) ----------------------------------14

 Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996).-------------------------------------------------------- 9

Myers v. American Dental Association, 695 F.2d 716, 723 (3d Cir. 1982).------------------------13

Richoh Co. Ltd. v. Honeywell, Inc., 817 F.Supp. 473 (D.N.J. 1993)--------------------------------14

*Tarshis v. Riese Org.,* 211 F.3d 30, 35 (2d Cir. 2000) (quoting *Conley v. Gibson,* 355
    U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). -------------------------------------- 9,11

Tischio v. Bontex, Inc., 16 F.Supp.2d 511, 518 (D.N.J. 1998) -------------------------------------14

Time Share Vacation v. Atlantic Resorts, Ltd., 735 F.2d 61, 63 (3d Cir. 1984). ------------------11

Van Dusen v. Barrack, 376 U.S. 612 (1964). ---------------------------------------------------------13

Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied,* 519
    U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996) (quoting *Scheuer v. Rhodes,* 416 U.S.
    232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)).------------------------------------------------- 9

Weinstein v. Albright, 261 F.3d 127, 131 (2d Cir. 2001).------------------------------------------- 9

World Wide Volkswagen Corp. et al. v. Woodson,  444 U.S. 286, 297 (1980)---------------------12

**STATUTES**

14 U.S.C. § 1983 -------------------------------------------------------------------------------------- 6

28 U.S.C. § 1391 --------------------------------------------------------------------------------------13

28 U.S.C. § 1404(a). ----------------------------------------------------------------------------- 7,14

42 U.S.C. § 1983.------------------------------------------------------------------------------------------------ 8

## COURT RULE

Fed. R. Civ. P. 12(b)(6)-----------------------------------------------------------------------------6,8,9

Fed. R. Civ. P. 8(a)(2) ---------------------------------------------------------------------------------- 9

Fed. R. Civ. P. 8(f) -------------------------------------------------------------------------------------- 9

## I.    PRELIMINARY STATEMENT

Pro Se Plaintiffs' Amended Complaint sets forth a number of allegations surrounding an alleged foreclosure proceeding involving their ownership of a private residence located at 57 Prospect St., in Clifton, New Jersey.  These allegations in no way relate to the cause of actions set forth against these moving defendants, Borough of Hawthorne, Municipal Court for the Borough of Hawthorne, and Judge John F. Meola (hereinafter "the Hawthorne defendants").  The facts relevant to the causes of action asserted against the Hawthorne defendants are as follows. For the time period of 2/14/06 - 5/30/06, Defendant City of Clifton, through its employees with the Clifton Housing Enforcement department, issued nine summonses to the plaintiffs for property maintenance violations relating to their residential property located in Clifton (See summonses, attached hereto as Exhibit "C").   Pursuant to New Jersey Court Rule 7:8-2, the matter was to be heard by Clifton Municipal Court Judge Scott J. Benion.  However, Judge Benion recused himself as a result of a previous lawsuit filed against the City of Clifton, and him individually by the plaintiffs (See U.S. District Court Civil Docket for Case # 2:06-cv-02477-SRC-CCC attached hereto as Exhibit "E").   Pursuant to New Jersey Rules of Court, specifically, R. 7:8-2, this matter was transferred to neighboring municipality, the Borough of Hawthorne, to be heard by Hawthorne Municipal Court Judge John F. Meola.  Plaintiff now files suit in this United States District Court for the District of Columbia alleging that this transfer violates their due process rights under 14 U.S.C. §1983.  Defendants now move to dismiss plaintiffs Amended Complaint pursuant to Fed. R. Civ. P. (12)(b)(6) or in the alternative, to transfer this matter to the United States District Court, District of New Jersey.

## II.    STATEMENT OF FACTS

Defendants Borough of Hawthorne, Municipal Court of the Borough of Hawthorne, and Judge John F. Meola, ("Hawthorne Defendants" hereinafter) submit this Memorandum of Law in

6

support of their Motion to Dismiss the Amended Complaint pursuant to Fed. Civ. P. 12(b)(6) or in the alternative, in support of their Motion to Transfer this case to the United States District Court for the District of New Jersey, pursuant to 28 U.S.C. § 1404(a).

Hawthorne is a municipality located in the County of Passaic in the State of New Jersey. The Borough of Hawthorne maintains a Municipal Court, wherein Judge John F. Meola is the sitting municipal judge. Plaintiffs Myrna B. Tagayun ("Tagayun") and Robert S. Mandell ("Mandell") are natural persons who reside in the City of Clifton ("Clifton"), County of Passaic, in the State of New Jersey. During the time period of February 22, 2006 through May 18, 2006, the City of Clifton, through its employees with the Clifton Housing Enforcement department, issued nine summonses to Myrna B. Tagayun and Robert S. Mandell for property maintenance violations of their residential property located at 1199 Main Ave. in Clifton, N.J. These violations were to be heard by Clifton Municipal Court Judge Scott J. Benion pursuant to New Jersey Court Rule 7:8-2 which states that the prosecution for an offense shall take place in the jurisdiction in which the offense was committed (See Exhibit "D" to Pfund Affidavit).

On June 1, 2006 Pro Se plaintiffs filed an application to the United States District Court for the District of New Jersey requesting that this matter be removed to federal court. On August 3, 2006, the District Court of New Jersey issued an opinion and Order remanding the matter to State Court. Plaintiff's filed a Motion for Reconsideration, and this motion was denied by Order dated September 27, 2006. Plaintiff's filed an appeal to the Circuit Court of Appeals for the Third Circuit on October 26, 2006. In the interim, on August 14, 2006, the Municipal Court of Clifton served by regular mail, notice that all nine summonses were being transferred to the venue of Hawthorne. The transfer was made in accordance with New Jersey Court Rule 7:8-2, which provides that in general, the prosecution for an offense shall take place in the jurisdiction in which the offense was committed. Subsection (b) however, provides that "in the event of the

7

judge's disqualification or inability for any reason to hear a pending matter, the judge . . . may either refer the matter to the Assignment Judge for designation of an acting judge pursuant to N.J.S.A. 2B:12-6 or transfer the matter to a judge sitting in another municipality within the vicinage" (See Exhibit "D" to Pfund Affidavit).

Municipal Judge Benion, of Clifton recused himself as a result of the fact that both he and the City of Clifton were named in a law suit filed by plaintiffs.  The Honorable Robert J. Passero, Assignment Judge for the Superior Court of New Jersey, Passaic County had previously entered an order on June 28, 2006, designating Municipal Court Judges within the Passaic Vicinage as Acting Judges for all Municipal Courts within Passaic County  (See Exhibit "F" to Pfund Affidavit).

This matter was then transferred to the nearby Borough of Hawthorne to be heard by Hawthorne Municipal Court Judge John F. Meola.  Judge Meola is specifically designated as an Acting Judge pursuant to the above referenced Order.  The Borough of Hawthorne is situated within the Passaic Vicinage, and was designated based on its proximity to Clifton, as a convenience to the plaintiffs.  Other factors taken into consideration in a transfer include the case load of other municipal courts as well as other possible conflicts.

Plaintiffs allege in their Amended Complaint that Hawthorne has no subject matter jurisdiction over the Clifton municipal ordinances in violation of their due process rights under 42 U.S.C. § 1983.

Defendants now submit this Motion to Dismiss Plaintiff's Amended Complaint under Fed. R. Civ. P. 12(b)(6) or in the alternative, to transfer this case to the United States District Court for the District New Jersey, pursuant to 28 U.S.C. §1404(a).

8

### III.    <u>ARGUMENT</u>

**A.    The Standard for Relief Under Fed. R. Civ. P. 12(b)(6)**

On considering a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6), it is well-settled that the Court must take as true all of the factual allegations in the Amended Complaint and must read the pleadings liberally and in the light most favorable to, and draw all reasonable inferences in favor of the non-moving party. *See Weinstein v. Albright*, 261 F.3d 127, 131 (2d Cir. 2001). Dismissal of the Amended Complaint is appropriate only if "it appears beyond doubt that plaintiff can prove no set of facts in support of [her] claim[s] which would entitle [her] to relief." *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir. 2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)). It is equally settled, however, that bald assertions and legal conclusions are not entitled to consideration and will not suffice to state a claim. *See Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996).

Review under Rule 12(b)(6) is limited, and "[t]he issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien*, 56 F.3d 375, 378 (2d Cir. 1995), *cert. denied*, 519 U.S. 808, 117 S.Ct. 50, 136 L.Ed.2d 14 (1996) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974)). Because under the modern rules of pleading, a plaintiff need only provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and "[a]ll pleadings shall be so construed as to do substantial justice," Fed. R. Civ. P. 8(f), the Court's function on a motion to dismiss is "not to weigh the evidence that might be presented at trial but merely to determine whether the Amended Complaint itself is legally sufficient." *Goldman v Belden*, 754 F.2d 1059, 1067 (2d Cir. 1985).

Here, taking all the allegations of the Amended Complaint as true, this Court should find that the Amended Complaint is not legally sufficient and should be dismissed against the

Hawthorne defendants. The Hawthorne defendants had no involvement in adjudicating plaintiffs' summonses. Further, the transfer of the matter to Hawthorne was done pursuant to New Jersey Court Rules, specifically R.7:8-2. Additionally, Judge Meola was named as an acting Judge in the Vicinage of Passaic specifically by Court Order of Assignment Judge Passero for purposes of providing alternate judges to adjudicate matters when a conflict arises in a particular municipality. The municipal judge in Clifton, Judge Benion recused himself from hearing the matter because he was named as a defendant by the plaintiffs in their previously filed lawsuit. There is no possible wrongdoing on the part of the Hawthorne defendants as alleged, and as such, plaintiffs Amended Complaint should be dismissed.

### B.    The Amended Complaint Fails to State a Claim for Which Relief may be Granted Against the Borough of Hawthorne

Plaintiff is alleging that the Borough of Hawthorne and its Municipal Court have "persisted in assuming subject matter jurisdictional authority" over the Clifton summonses. In fact, pursuant to New Jersey Court Rule 7:8-2 (attached hereto as Exhibit "D"), although subsection (a) sets forth that the prosecution for an offense shall take place in the jurisdiction in which the offense was committed, subsection (b) governs disqualification of a Municipal Court judge. Specifically, the rule provides that in the event of the judge's disqualification or inability for any reason to hear a pending matter, the judge, may either refer the matter to the Assignment Judge for designation of an acting judge pursuant to N.J.S.A. 2B:12-6 or transfer the matter to a judge sitting in another municipality within the vicinage. In the case at bar, the Borough of Hawthorne is in fact in the same vicinage of Passaic County as the City of Clifton. The matters were transferred as a result of the fact that Clifton Municipal Court Judge Scott J. Benion, recused himself as a result of a previous lawsuit filed against the City of Clifton by the plaintiffs (See U.S. District Court Civil Docket for Case # 2:06-cv-02477-SRC-CCC attached hereto as Exhibit "E"). The Borough of Hawthorne simply scheduled Court appearances to hear and

adjudicate the summonses pursuant to New Jersey Court Rules. The Plaintiffs subsequently amended their Amended Complaint and they named the Hawthorne Municipal Court and its Judge as Defendants. The matter was never heard by the Hawthorne Municipal Court and was transferred back to the New Jersey Superior Court pending resolution of the present suit (See Exhibit G attached to David Pfund's Affidavit). Even assuming all inferences in favor of plaintiffs, they cannot prove any set of facts in support of their claim which would entitle [them] to relief." *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir. 2000) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957)).

**C.    Plaintiff's Amended Complaint Must be Dismissed as the District Court of the District of Columbia does not have personal jurisdiction over the Borough of Hawthorne**

Plaintiff's Amended Complaint must be dismissed because the District Court of the District of Columbia does not have personal jurisdiction over the defendants, Borough of Hawthorne, the Municipal Court of Hawthorne and Judge John F. Meola. A court has personal jurisdiction over a non resident defendant, where the non resident maintains "minimum contacts" with the forum state such that personal jurisdiction so as to not offend fair play and substantial justice. International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945). In the case at bar, the Hawthorne defendants are municipal entities located solely in the State of New Jersey, and conducting day to day basis strictly within New Jersey. The Hawthorne defendants do not operate nor do they have any contacts with the District of Columbia. Since Plaintiff has failed to demonstrate that theses defendants have any minimum contacts with the District of Columbia, Plaintiff cannot establish this Court has personal jurisdiction. Therefore, Plaintiff's Amended Complaint should be dismissed for lack of personal jurisdiction.

"Plaintiff bears the burden of demonstrating contacts with the forum state sufficient to give the court in personam jurisdiction." Time Share Vacation v. Atlantic Resorts, Ltd., 735

F.2d 61, 63 (3d Cir. 1984). A plaintiff demonstrates minimum contacts between the forum state and defendant where the defendant "…purposely avails himself of the privilege of conducting activities within the forum state, thus invoking the benefits and protection of its law." Hanson v. Denckla, 357 U.S. 235, 253 (1958). The foreseeability that is critical to the due process analysis is "…that the defendant's conduct and connection are such that he should reasonably anticipate being haled into court there." World Wide Volkswagen Corp. et al. v. Woodson, 444 U.S. 286, 297 (1980). The due process clause of the fourteenth amendment of the U.S. Constitution "does not contemplate that a state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts." International Shoe, 326 U.S. at 319 (1945).

In this case, Defendant Borough of Hawthorne was incorporated by an act of New Jersey Legislature on March 24, 1898. Its municipal court and its Judge operate within this frame work exclusively in New Jersey. At no time has any of the Hawthorne defendants conducted any business within the District of Columbia so as to avail itself of the privileges of conducting business within the forum state. As such the Hawthorne defendants should not reasonably anticipate being haled into court in the District of Columbia. World Wide Volkswagen Corp. et al. v. Woodson, 444 U.S. 286, 297 (1980). Since these moving defendants have no contacts with the District of Columbia and has not availed themselves of the benefits and protection of the laws of the District of Columbia, Plaintiff cannot establish personal jurisdiction against the Hawthorne defendants. As such, the District Court of the District of Columbia does not have personal jurisdiction over these defendants and therefore, Plaintiff's Amended Complaint should be dismissed.

D.    **The District Court of the District of Columbia is an improper Venue.**

Plaintiff's Amended Complaint should be dismissed or in the alternative transferred to another venue because the District Court of the District of Columbia is an improper venue for this matter.  Pursuant to 28 U.S.C. § 1391:

> (b) A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

> (c) For purposes of venue under this chapter [28 USCS §§ 1391 et seq.], a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

The purpose of 28 U.S.C. § 1391 is to prevent a plaintiff from choosing an inconvenient or unfair place of trial.  Myers v. American Dental Association, 695 F.2d 716, 723 (3d Cir. 1982).  In this case, the Hawthorne Defendants are all located in the State of New Jersey. The Clifton Defendants are all located in New Jersey and Defendants Freddie Mac and Bank of America transact business in the State of New Jersey. The events that give rise to this action occurred in New Jersey.  As such, the District Court for the District of Columbia is an inconvenient and improper venue.   Therefore, Plaintiff's Amended Complaint should be dismissed for improper venue.

In the alternative, this court should transfer this case to the U.S. District Court for the District of New Jersey ("District of New Jersey") if it determines that such transfer will prevent the waste of time, energy, and money and will protect the litigants, witnesses, and the public against unnecessary inconvenience and expense.  See Van Dusen v. Barrack, 376 U.S. 612 (1964).  The purpose of Section 1404(a) is to "avoid the waste of time, energy and money and, in

13

addition, to safe guard litigants, witnesses and the public against avoidable inconvenience and expense." See Tischio v. Bontex, Inc., 16 F.Supp.2d 511, 518 (D.N.J. 1998); and Richoh Co. Ltd. v. Honeywell, Inc., 817 F.Supp. 473 (D.N.J. 1993).  In enacting Section 1404(a), Congress intended to permit courts to grant transfers upon a lesser showing of inconvenience than was needed for dismissal under doctrine of forum non conveniens which previously governed transfers.  See Saleh v. Titan Corp., 361 F.Supp.2d 1152 (S.D.Cal. 2005).

In ruling on this motion, the Court should consider the following factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. See Liggett Group Inc. v. Reynolds Tobacco Co., 102 F.Supp.2d 518, 526 (D.N.J. 2000); and Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995).  The decision to transfer must incorporate "all relevant factors to determine whether on balance the litigation [will] more conveniently proceed and all the interests of justice will be better served by transfer to a different forum."  Id.  Further, the decision must take into account whether the proposed transferee venue is one in which the case "might have been brought."  See 28 U.S.C. § 1404(a); and Jumara, 55 F.3d at 879.

For the reasons set forth herein, the each of these factors, particularly the interests of justice, weigh strongly in favor of granting the Hawthorne defendants' motion to dismiss, or in the alternative to transfer this case to the District of New Jersey.

### E.      The Case has no connection with the District of   Columbia

The most appropriate venue to try a case is, typically, where a majority of the events giving rise to the claim arose. Siegel v. Homestore, Inc., 255 F.Supp.2d 451, 456 (E.D.Pa.2003).

In the present matter none of the events underlying plaintiff's claims arose in the District of Columbia. Rather, the vast majority of the events, including the following, arose in New Jersey:

- Plaintiffs reside in the State of New Jersey;

- Plaintiffs owned residential property in the State of New Jersey;

- Plaintiff's ownership of the residential property in New Jersey led to the conditions warranting the summonses for violations of the City of Clifton Municipal Ordinance;

- Pursuant to New Jersey Court Rules, the City of Clifton may transfer any matter in which there is a conflict to another municipality. The City of Clifton, transferred the matter to the Borough of Hawthorne, consistent with these Court Rules.

All of the defendants named in Plaintiff's District of Columbia Amended Complaint have minimum contacts with the State of New Jersey. Both the Bank of America and Freddie Mac conduct business in most, if not all of the 50 States. Both of these defendants were involved with the residential property located in New Jersey. All of the other named defendants are either state or municipal entities located within New Jersey and conducting business exclusively in New Jersey. The District Court of the District of Columbia is both an improper and inconvenient forum to adjudicate plaintiffs' claims.

## CONCLUSION

For the reasons set forth herein, the Borough of Hawthorne, the Municipal Court for the Borough of Hawthorne, and Judge John F. Meola's motion to dismiss the Amended Complaint

should be granted pursuant to Fed. R. Civ. P. 12(b)(6). In the alternative, this matter should be transferred to the Federal District Court for the District of New Jersey.

Respectfully submitted,

By: _/s/_____
Donald C. Weinberg, Esq. (D.C. Bar # 956839
(D.C. Bar #956839)
DOMBROFF, GILMORE, JAQUES & FRENCH
1676 International Drive
Penthouse, McLean, Virginia 22102
Ph: 703-336-8717
Fx: 703-336-8750
Counsel for the Defendants Borough of Hawthorne,
Municipal Court for the Borough of Hawthorne, and
Judge John F. Meola

By: _/s/_____
David Pfund, Esq.
(not admitted in D.C.)
Reiseman, Rosenberg & Pfund
201 Littleton Road
Morris Plains, NJ 07950-0513
Co-Counsel for the Defendants Borough of
Hawthorne, Municipal Court for the Borough of
Hawthorne, and Judge John F. Meola

Dated: May 13, 2008

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| MYRNA B. TAGUYUN and ROBERT S. MANDELL | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| *vs.* | ) | CIVIL ACTION NO. 08-CV-00476 (JR) |
| | ) | |
| FEDERAL HOME LOAN MORTGAGE COPR. a/k/a "FREDDIE MAC" et al. | ) | |
| | ) | CERTIFICATE OF SERVICE |
| Defendants. | ) | |
| | ) | |

I hereby certify that true and correct copies of the foregoing Motion to Dismiss with attachments, proposed Orders, and any Notice of Electronic Filing were deposited in the U.S. Mail, first class, postage prepaid, on May 13, 2008 to:

Myrna B. Taguyun
Robert S. Mandell
1360 Clifton Avenue, Suite 275
Clifton, NJ 07012

Federal Home Loan Mortgage Corporation aka "Freddie Mac"
401 9th Street, N.W.
Washington, D.C.  20004

Bank of America, N.A.
101 S. Tryon Street
Charlotte, NC  28255

State of New Jersey
Office of the Attorney General
P.O. Box 080
Trenton, NJ  08625

City of Clifton, New Jersey
900 Clifton Avenue
Clifton, New Jersey  07013

Municipal Court
City of Clifton, New Jersey
900 Clifton Avenue
Clifton, New Jersey  07013

Scott Bennion, Judge
Municipal Court of the City of Clifton, New Jersey
900 Clifton Avenue
Clifton, NJ  07013

By: __/s/_____
    Donald C. Weinberg, Esq. (D.C. Bar #956839)
    Dombroff Gilmore Jaques & French
    1676 International Drive – Penthouse
    Phone: 703-336-8800
    Fax: 703-336-8750
    dweinberg@dglitigators.com
    Counsel for Defendants Borough of Hawthorne, Municipal
    Court of Borough of Hawthorne, and Judge F. Meola

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Myrna B. Tagayun,
Robert S. Mandell
1360 Clifton Avenue, #275
Clifton, New Jersey 07012
973-253-7737

CIVIL ACTION

United States District Court
for the District of Columbia
Docket No.: _____

Plaintiffs

vs.

Federal Home Loan Mortgage
Corporation a/k/a "Freddie
Mac"; Bank of America, N.A.;
State of New Jersey; City
of Clifton, New Jersey;
Borough of Hawthorne, New
Jersey.

COMPLAINT

Case: 1:08-cv-00476
Assigned To : Robertson, James
Assign. Date : 3/20/2008
Description: Pro Se General Civil

Addresses:
Freddie Mac: 401 9th Street,
N.W., Suite 600, Washington, D.C.
20004
Bank of America, N.A.: 1000 Crossways
Parkway, Getzville, NY.
State of New Jersey: Office of Attorney
General, P.O. Box 080, Trenton, NJ
08625
City of Clifton, New Jersey: 900 Clifton
Avenue, Clifton, NJ 07011
Borough of Hawthorne, New Jersey: 445
Lafayette Avenue, Hawthorne, NJ 07506

Defendants

Plaintiffs complain as to defendants as follows:

### FIRST CAUSE OF ACTION

On or about June 1, 2001 Myrna Tagayun entered into a mortgage and
note given to defendant Bank of America, N.A. (hereinafter "BA") pur-
suant to the purchase of a primary personal residence at 57 Prospect
Street, Clifton, New Jersey. After June 1, 2001, and prior to May 5,
2005, BA sold and conveyed the mortgage and note in their entireties
to Federal Home Loan Mortgage Corporation (hereinafter "Freddie Mac").
As of the date of sale and conveyance from BA to Freddie Mac, BA held


EXHIBIT
"A"

**PAGE TWO**

no further legal or equitable interest in or title to the mortgaged
premises. BA continued to act as the 'loan servicer' for Freddie
Mac, essentially the collection agent for mortgage installment pay-
ments, conveying same to Freddie Mac, together with other received
payments for property taxes and insurance. On sale and conveyance
of the mortgage and note, neither BA nor Freddie Mac notified the
Register of Passaic County, New Jersey of said sale and conveyance,
and Freddie Mac failed and refused to record the mortgage and note
in its own behalf.

On or about May 5, 2005 BA, operating through a "designated counsel"
selected by Freddie Mac, that counsel designated as "Zucker, Goldberg,
and Ackerman, LLC" of Mountainside, New Jersey, proceeded to file
a fraudulent mortgage foreclosure action against Myrna Tagayun and
her spouse, Robert S. Mandell. Over the course of the following four-
teen months, until eviction from the premises on or about July 12,
2006, BA and Freddie Mac repeatedly and persistently represented
to the Chancery Division of the  Superior Court of New Jersey that
BA was the real party in interest, with sole and sufficient standing
to sue for foreclosure. This fraud and charade was willingly accepted
by the Superior Court of New Jersey, Chancery Division, Passaic
County, nothwithstanding overwhelming proofs provided to the Chancery
Division, by defendants Tagayun and Mandell, demonstrating perpetra-
tion of the fraud by BA and Freddie Mac. As a direct result of the
fraud and conspiracy by BA and Freddie Mac, with the willing ccopera-
tion of the Superior Court of New Jersey, Chancery Division, Passaic
County, Myrna Tagayun and Robert S. Mandell were evicted from their

PAGE THREE

primary residence on or about July 12, 2006.

During the course of the legal proceedings ending in foreclosure, Mandell and Tagayun became aware of State of New Jersey policies and procedures concerning foreclosure actions, which prevented access to a fair and impartial tribunal. And in fact, plaintiffs here have obtained documentary proof of suasion by the Chancery Division, Superior Court of New Jersey to prevent the matter from proceeding under federal rules, and federal statutes, in the United States District Court for the District of New Jersey. Copies of appropriate documents have allready been lodged with appropriate federal law enforcement and legislative authorities. In sum defendants BA, Freddie Mac, and the State of New Jersey have and do operate a 'racket' as defined under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 et seq, as such pertains to the judicial process permitted and promoted in furtherance of rapid, wholesale foreclosure actions, using straw man nominees (in this case BA) as plaintiffs, without regard to demonstrated standing as the real parties in interest. These three defendants further have acted individually, jointly, and conspiratorily to deprive Tagayun and Mandell of their rights under color of law, pursuant to 42 U.S.C. 1983.

## SECOND CAUSE OF ACTION

During the course of the foreclosure proceedings before the Chancery Division, Superior Court of New Jersey, Tagayun and Mandell became aware that the City of Clifton, New Jersey had assigned and directed an official employee, one "Russomanno" to conduct illegal searches

## PAGE FOUR

of the residential premises, said searches consisting of repeated
vehicular 'driveby' and taking of unauthorized photographs of the
premises. This "Russomanno" acted under authority and instruction
of the City of Clifton, New Jersey in conducting these illegal
searches.

These illegal searches resulted in the "Russomanno" individual
issuing a series ofeight or nine summonses on February 22, 2006
and May 18, 2006, all purporting alleged violations of **City of
Clifton, New Jersey** local municipal ordinances. All such summonses
were delivered to Tagayun and Mandell without proper service of
process, by regular mail, in violation of both City of Clifton,
New Jersey, and Superior Court of New Jersey Rules of Court con-
cerning acceptable service of process. Copies of the local ordinance
summonses are attached as **Exhibit A.** Tagayun and Mandell notified
the City of Clifton and its Municipal Court that proper service
had not taken place. The City of Clifton New Jersey and the Muni-
cipal Court of the City of Clifton New Jersey disregarded such
notice, attempting to proceed further in the matter. At a later
date, specifically August 14, 2006, the Municipal Court of the
City of Clifton New Jersey served Tagayun with a mailed notice
that all nine summonses were transferred to the venue of the
Borough of Hawthorne, New Jersey, without regard to the fact
that the **Borough of Hawthorne, New Jersey** had and has **NO SUBJECT
MATTER JURISDICTION OVER THE LOCAL MUNICIPAL ORDINANCES OF THE
CITY OF CLIFTON NEW JERSEY, SAID ORDINANCES ENFORCEABLE AND
ADJUDICABLE ONLY WITHIN THE MUNICIPAL BOUNDARY AND COURT OF
THE CITY OF CLIFTON NEW JERSEY, UNLESS TAGAYUN WAIVED THE
RIGHT TO PROPER VENUE. TAGAYUN GAVE NO CONSENT TO DO SO, AND**

## PAGE FIVE

**WAS NOT ASKED TO GIVE CONSENT BY PLAINTIFF'S COUNSEL.**

The Borough of Hawthorne, New Jersey and its Muncipal Court have
persisted in assuming subject matter jurisdictional authority to
adjudicate the City of Clifton New Jersey summonses. Since the
"change of venue" on August 14, 2006, and a personal appearance
by Tagayun on or about September 7, 2006, the Municipal Court of
the Borough of Hawthorne New Jersey has persisted in the matter
of the nine City of Clifton New Jersey summonses, most recently
scheduling an appearance on **March 27, 2008 at 4:00 P.M.**, after
procedural matters concerning a prior Removal and Appeal had
concluded. Tagayun and her spouse Mandell in privity with her,
derived from prior spousal residence in the summonsed premises,
claim the Borough of Hawthorne New Jersey acts to deprive plain-
tiffs here of their 'due process' right to proceedings in the
proper venue, and conducts this deprivation under color of law
pursuant to 42 U.S.C. 1983.

The City of Clifton New Jersey is further claimed to have violated
plaintiffs due process rights through the conduct of repeated
illegal photographic searches of the residential premises, the
issuance of summonses based upon those illegal searches, and
the denial due process in failing to effect proper service of
process of the issued summonses, pursuant to both City of Clifton
New Jersey and State of New Jersey Superior Court requirements.
The City of Clifton New Jersey further denied plaintiffs due
process by summary change of venue of the matter, without con-
sent of the summonsed party, to a venue which is without subject
matter jurisdiction over the ordinances of the City of Clifton
New Jersey. The City of Clifton New Jersey has acted in violation

PAGE SIX

of plaintiffs rights as set forth hereinabove, under color of law, pursuant to 42 U.S.C. 1983.

### RELIEF DEMANDED

### As to BA, Freddie Mac, and State of New Jersey

1. Plaintiffs demand five hundred thousand dollars compensatory damages, and fifty million dollars punitive damages from Bank of America.

2. Plaintiffs demand five hundred thousand dollars compensatory damages, and five hundred million dollars punitive damages from Federal Home Loan Mortgage Corporation, a/k/a "Freddie Mac"

3. Plaintiffs demand two hundred fifty thousand dollars compensatory damages, and twenty-five million dollars punitive damages from the State of New Jersey, respondeat superior for the Superior Court of New Jersey and its Chancery Division.

### As to City of Clifton, New Jersey and Borough of Hawthorne, New Jersey

1. Plaintiffs demand five hundred thousand dollars compensatory damages, and five million dollars punitive damages from the City of Clifton, New Jersey

2. Plaintiffs demand two million dollars compensatory damages, and twenty-five million dollars punitive damages from the Borough of Hawthorne, New Jersey.

### JURY TRIAL IS DEMANDED ON ALL COUNTS AND AS TO ALL RELIEF SOUGHT

## PAGE SEVEN

_Myrna B. Tagayun_ (signature)

Myrna B. Tagayun
1360 Clifton Avenue, #275
Clifton, New Jersey 07012

_Robert S. Mandell_ (signature)

Robert S. Mandell
1360 Clifton Avenue, #275
Clifton, New Jersey 07012

Dated: March 19, 2008

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|---|---|---|---|
| 1602 | SC | 010603 | 900 Clifton Ave. Clifton, NJ 07013 |

## The State of New Jersey
### vs.

Defendant's Name: First _Nyna_ Initial _____ Last _Tagayun_

Address: _37 Prospect St_

| State | ZipCode | Telephone | SOCIAL SECURITY NUMBER |
|---|---|---|---|

| Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions. |
|---|---|---|---|---|---|---|---|

Driver's License #

| | | State | Exp. Date |
|---|---|---|---|

STATE OF NEW JERSEY
COUNTY OF PASSAIC }SS:

Complaining Witness _Russomigno_ (Name)

of _Housing_ (Identify Dept/Agency Represented) _____ (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge information and belief, the
named defendant, on or about the ___ Month ___ Day _14_ Year _06_ Time

in CLIFTON MUNICIPAL CODE County of PASSAIC N.J.

did commit the following offense: _Failure to remove_
_abandoned unregistered_ DESCRIPTION OF OFFENSE
_vehicles from property_

In violation of (one charge only) _461-13.1 B(19)_ (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE: _37-39 Prospect St_ Drawing Location

OATH: Subscribed and sworn to before me
this ___ day of ___ 06

(Signature of Complaining Witness)

(Signature of Person Administering Oath)

**OR**

CERTIFICATION: I certify that the fore-
going statements made by me are true. I am
aware that if any of the foregoing
statements made by me are willfully false,
I am subject to punishment.

_____ (Date)

(Signature of Complaining Witness)

### PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS

Probable cause is found for the issuance of
this Complaint-Summons.

| YES | |
|---|---|
| NO | (Signature of Judicial Officer) |

| YES | |
|---|---|
| NO | (Signature of Judge) |

The complaining witness is a law
enforcement officer and a judicial
probable cause determination is not
required prior to the issuance of this
Complaint-Summons.

### YOU ARE HEREBY SUMMONED TO APPEAR

BEFORE THIS COURT TO ANSWER THIS COMPLAINT IF YOU FAIL TO APPEAR ON THE DATE
AND AT THE TIME STATED A WARRANT MAY BE ISSUED FOR YOUR ARREST

### NOTICE TO APPEAR

| COURT APPEARANCE REQUIRED | COURT DATE | Month 4 | Day 5 | Year 06 | Time 9 : 00 | AM PM |
|---|---|---|---|---|---|---|

_2/22/06_ (Date Summons Issued)

(Signature of Person Issuing Summons)

Complaint-Summons

SF-1 (12-03)

**Municipal Court of Clifton**
**and Clifton Ave.**
**Clifton, NJ 07013**

| COURT I.D. | PREFIX | COMPLAINT NUMBER |
|---|---|---|
| 1602 | | |

## The State of New Jersey
### vs.

Defendant's Name: First — Initial — Last

*Myrna Tagayun*

Address: *1799 Main Ave Clifton Suites*

| State | Zip Code | Telephone | | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|

| Birth Date: | Mo. | Day | Yr. | Sex | | Eyes | | Height | Restrictions |
|---|---|---|---|---|---|---|---|---|---|

Driver's License #

State — Exp. Date

STATE OF NEW JERSEY
COUNTY OF *PASSAIC* }SS:

Complaining Witness: *Russomanno* (Name)

of *Housing* (Identify Dept/Agency Represented) (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge and belief, the named defendant on or about the Month Day Year Time

in CLIFTON 1992 CODE, County of PASSAIC N.J.

did commit the following offense: *Abandoned* — *unregistered vehicle*

*461-13.1B. 10*

in violation of (one charge only) (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE Describe Location *37-59 Prospect St*

OATH: Subscribed and sworn to before me

this _____ day of _____ yr _____

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

(Signature of Complaining Witness)

(Date)

(Signature of Person Administering Oath) (Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS**

Probable cause is found for the issuance of this Complaint-Summons.

| YES | |
|---|---|
| NO | (Signature of Judicial Officer) |

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of the Complaint-Summons.

| YES | |
|---|---|
| NO | (Signature of Judge) |

**YOU ARE HEREBY SUMMONED TO APPEAR**

NOTICE TO APPEAR

| COURT APPEARANCE REQUIRED | COURT DATE | Month | Day | Yr | Time |
|---|---|---|---|---|---|
| | | | 06 | | :00 AM/PM |

(Date Summons Issued) *5/18/06*

(Signature of Person Issuing Summons)

Complaint-Summons    SF-1 (12-03)

---

| COURT I.D. | PREFIX | COMPLAINT NUMBER |
|---|---|---|
| 1602 | | |

**Municipal Court of Clifton**
**and Clifton Ave.**
**Clifton, NJ 07013**

## The State of New Jersey
### vs.

Defendant's Name: First — Initial — Last

*Myrna Tagayun*

Address: *1799 Main ave Clifton*

| State | Zip Code | Telephone | | SOCIAL SECURITY NUMBER |
|---|---|---|---|---|

| Birth Date: | Mo. | Day | Yr. | Sex | | Eyes | | Height | Restrictions |
|---|---|---|---|---|---|---|---|---|---|

Driver's License #

State — Exp. Date

STATE OF NEW JERSEY
COUNTY OF PASSAIC }SS:

Complaining Witness: *Russomanno* (Name)

of *Housing* (Identify Dept/Agency Represented) (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge and belief, the named defendant on or about the Month Day Year Time

in CLIFTON 1992 CODE, County of PASSAIC N.J.

did commit the following offense: *Trim Back tree Branches away from Structure*

*273-12. G St Prospect St.*

in violation of (one charge only) (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE Describe Location *59 Prospect St*

OATH: Subscribed and sworn to before me

this _____ day of _____ yr _____

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

(Signature of Complaining Witness)

(Date)

(Signature of Person Administering Oath) (Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS**

Probable cause is found for the issuance of this Complaint-Summons.

| YES | |
|---|---|
| NO | (Signature of Judicial Officer) |

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of the Complaint-Summons.

| YES | |
|---|---|
| NO | (Signature of Judge) |

**YOU ARE HEREBY SUMMONED TO APPEAR**

NOTICE TO APPEAR

| COURT APPEARANCE REQUIRED | COURT DATE | Month | Day | Yr | Time |
|---|---|---|---|---|---|
| | | | 10 | 06 | 9 :00 AM/PM |

(Date Summons Issued) *5/18/06*

(Signature of Person Issuing Summons)

Complaint-Summons    SF-1 (12-03)

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|---|---|---|---|
| 1602 | SC | 0112190 | 900 Clifton Ave. Clifton, NJ 17013 |

## The State of New Jersey
## vs.

| Defendant's Name: First | Last |
|---|---|

Muma Tagayun
1011 Main ave Clifton Ntes 5

| State | Zip Code | Telephone | SOCIAL SECURITY NUMBER |
|---|---|---|---|

| Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions |
|---|---|---|---|---|---|---|---|

| Driver's License # | | | | State | Exp. Date |
|---|---|---|---|---|---|

STATE OF NEW JERSEY
COUNTY OF PASSAIC }SS:

Complaining Witness: Kussomanno (Name)

Tousias

of (Identify Dept./Agency Represented) (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge, information and belief, the named defendant on or about the ___ Month ___ Day ___ Year ___ Time

in CLIFTON 1992 2006 County of PASSAIC N.J.

did commit the following offense: Remove Trip

Hazard (DESCRIPTION OF OFFENSE) front sidewalk

in violation of (one charge only) 278-12(u) (Statute, Regulation or Ordinance Number)

| LOCATION OF OFFENSE: | 347 Prospect St |
|---|---|

OATH: Subscribed and sworn to before me this ___ day of ___ yr ___

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

(Signature of Complaining Witness)

(Date)

(Signature of Person Administering Oath)          (Signature of Complaining Witness)

## PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS

Probable cause is found for the issuance of this Complaint-Summons.

YES / NO (Signature of Judicial Officer)

YES / NO (Signature of Judge)

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

## YOU ARE HEREBY SUMMONED TO APPEAR
BEFORE THIS COURT TO ANSWER THIS COMPLAINT. IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

### NOTICE TO APPEAR

| COURT APPEARANCE REQUESTED | COURT DATE | Month 7 | Day 10 | Year 06 | Time 9 00 | AM / PM |
|---|---|---|---|---|---|---|

7/18/06

(Date Summons Issued)          (Signature of Person Issuing Summons)

Complaint-Summons          SF-1 (12-03)

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|---|---|---|---|
| 1602 | SC | 011220 | 900 Clifton Ave.<br>Clifton, NJ 07013 |

## The State of New Jersey
### vs.

Defendant's Name: First _Myung_ Middle _TaeGyun_ Last

Address _1991 Main Ave. CIFTON Suite 5_

| State | Zip Code | Telephone | SOCIAL SECURITY NUMBER |
|---|---|---|---|

| Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions |
|---|---|---|---|---|---|---|---|

| Driver's License # | | | | | | State | Exp. Date |
|---|---|---|---|---|---|---|---|

STATE OF NEW JERSEY
COUNTY OF PASSAIC                                      SS:

Complaining Witness: _Russomanno_
                                          (Name)
of _Housing_
        (Identify Dept./Agency Represented)    (Badge No.)

Residing at

by certification or on oath, says that in the best of his/her knowledge of information and belief, the
1 named defendant on or about the _6_   Month   Day   Year   Time
in _CLIFTON_                        _1992_   County of _PASSAIC_   N.J.
did commit the following offense: _Parking on_
_lawn_ (DESCRIPTION OF OFFENSE)

In violation of (one charge only) _461-60J_
                                              (Statute, Regulation or Ordinance Number)
LOCATION OF OFFENSE    Defendant Operator's _St Prospect St_

OATH: Subscribed and sworn to before me
this _18_ day of _____, _YY_

(Signature of Complaining Witness)

OR

CERTIFICATION: I certify that the fore-
going statements made by me are true. I am
aware that if any of the foregoing state-
ments made by me are willfully false, I am
subject to punishment.

_____
(Date)

(Signature of Person Administering Oath)

(Signature of Complaining Witness)

### PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:
### COURT USE ONLY — LAW ENFORCEMENT USE ONLY

Probable cause is found for the issuance of
this Complaint-Summons

| YES | |
| NO | (Signature of Judicial Officer) |

☐ The complaining witness is a law
enforcement officer and a judicial
probable cause determination is not
required prior to the issuance of this
Complaint-Summons.

| YES | |
| NO | (Signature of Judge) |

### YOU ARE HEREBY SUMMONED TO APPEAR
BEFORE THIS COURT TO ANSWER THE COMPLAINT. IF YOU FAIL TO APPEAR ON THE DATE
AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

### NOTICE TO APPEAR

| ☐ COURT APPEARANCE REQUIRED | COURT DATE | Month _10_ | Day _06_ | Year | Time _9_ _00_ _AM/PM_ |
|---|---|---|---|---|---|

_5/18/06_
(Date Summons Issued)

(Signature of Person Issuing Summons)

Complaint-Summons                                          SF-1 (12-00)

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|------------|--------|------------------|----------------------------|
| 1602 | SC | 011221 | 900 Clifton Ave.
Clifton, NJ 07013 |

## The State of New Jersey
### vs.

Defendant's Name: First _Khyng_ Initial _Tacayun_ Last

Address _1063 Main Ave Clifton Suite 5_

| State | Zip Code | Telephone | | | |
|-------|----------|-----------|--|--|--|

| Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions |
|-------------|-----|-----|-----|-----|------|--------|--------------|

Driver's License #

| | State | Exp. Date |

STATE OF NEW JERSEY
COUNTY OF _PASSAIC_                                    )ss:

Complaining Witness _Kussomenko_ (Name)

_Housing_ (Identify Dept/Agency Represented) (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge or information and belief, the
above named defendant on or about the _5/1/06_

| | Month | Day | Year | Time |

in _CLIFTON_ _1602_ County of _PASSAIC_ N.J.
did commit the following offense: _Repair_
_Driveway permit fee_
_273-11 (K)_
in violation of (one charge only) (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE | | | | | Describe Location _31-59 Prospect St_

OATH: Subscribed and sworn to before me
this _18_ day of _5_, yr _06_

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

(Signature of Complaining Witness)

(Signature of Person Administering Oath) | (Date)

(Signature of Complaining Witness)

### PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:
#### COURT USE ONLY | LAW ENFORCEMENT USE ONLY

Probable cause is found for the issuance of this Complaint-Summons.

☐ The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

YES ☐ NO ☐
(Signature of Judicial Officer)

YES ☐ NO ☐
(Signature of Judge)

### YOU ARE HEREBY SUMMONED TO APPEAR
BEFORE THE COURT TO ANSWER THE COMPLAINT. IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED A WARRANT MAY BE ISSUED FOR YOUR ARREST.

#### NOTICE TO APPEAR

| COURT APPEARANCE REQUIRED ☐ | COURT DATE | Month 9 | Day 18 | Year 06 | Time 9:00 |

_5/18/06_
(Date Summons Issued)

(Signature of Person Issuing Summons)

Complaint-Summons                                    SF-1 (12-03)

EXHIBIT B

CHANGE IN COURT DATE

NEW COURT DATE - 09/07/2006--05:30 PM
ROOM - 0001
JUDGE - SCOTT J BENRION
DATE OF NOTICE - 08/14/2006

NOTICE GENERATED BY: JUAXP3
DEFENDANT COPY

YOU ARE HEREBY NOTIFIED THAT THE COURT MATTERS(S), LISTED BELOW
HAS BEEN RESCHEDULED FOR 05:30 PM ON 09/07/2006 IN COURT ROOM 0001.

COMPLAINT NO.        COMPLAINT NO.        COMPLAINT NO.

SC 2006 010601

This is a Clifton case being heard in Hawthorne Municipal Court on the above date and time.
Hawthorne Municipal Court is located at 445 Lafayette Avenue, Hawthorne, NJ 07506.

Status conference

STATE V. MYRNA TAGAYUN

BY ORDER OF THE JUDGE
SCOTT J BENNION

TELEPHONE: 973-470-5858
8:30AM - 4:00PM



## CHANGE IN COURT DATE

NEW COURT DATE - 09/07/2006---05:30 PM
ROOM - 0001
JUDGE - SCOTT J BENNION
DATE OF NOTICE - 08/14/2006

NOTICE GENERATED BY: JMAXP3
DEFENDANT COPY

YOU ARE HEREBY NOTIFIED THAT THE COURT MATTERS(S), LISTED BELOW
HAS BEEN RESCHEDULED FOR 05:30 PM ON 09/07/2006 IN COURT ROOM 0001.

COMPLAINT NO.          COMPLAINT NO.          COMPLAINT NO.

COMPLAINT NO.          COMPLAINT NO.          COMPLAINT NO.

SC 2006 010602

This is a Clifton case being heard in Hawthorne Municipal Court on the above date and time.
Hawthorne Municipal Court is located at 445 Lafayette Avenue, Hawthorne, NJ 07506.

*Status conference*

VISTE V. MYRNA  TABAYUN

BY ORDER OF THE JUDGE
SCOTT J BENNION

TELEPHONE: 973-470-5858
8:30AM - 4:00PM



CHANGE IN COURT DATE

NEW COURT DATE - 09/07/2006 - 05:30 PM
ROOM - 0001

JUDGE - SCOTT J BENNION
DATE OF NOTICE - 08/14/2006

NOTICE GENERATED BY: JUAXP3
DEFENDANT COPY

YOU ARE HEREBY NOTIFIED THAT THE COURT MATTER(S), LISTED BELOW
HAS BEEN RESCHEDULED FOR 05:30 PM ON 09/07/2006 IN COURT ROOM 0001.

| COMPLAINT NO. | | COMPLAINT NO. | | COMPLAINT NO. |
| SC 2006 011217 | SC 2006 011220 | |
| SC 2006 011218 | SC 2006 011221 | |
| SC 2006 011219 | | |

STATE V. MYRNA TAGAYUN

BY ORDER OF THE JUDGE
SCOTT J BENNION

This is a Clifton case being heard in Hawthorne Municipal Court on the above date and time.
Hawthorne Municipal Court is located at 445 Lafayette Avenue, Hawthorne, NJ 07506.



*Status conference.*

TELEPHONE: 973-470-5858
8:30AM - 4:00PM

CHANGE IN COURT DATE

NEW COURT DATE - 09/07/2006 - 05:30 PM
ROOM - 0001
JUDGE - SCOTT J BENNION
DATE OF NOTICE - 08/14/2006

NOTICE GENERATED BY: JUAXP3
DEFENDANT COPY

YOU ARE HEREBY NOTIFIED THAT THE COURT MATTERS(S), LISTED BELOW
HAS BEEN RESCHEDULED FOR 05:30 PM ON 09/07/2006 IN COURT ROOM 0001.

COMPLAINT NO.      COMPLAINT NO.      COMPLAINT NO.      COMPLAINT NO.

SC  2006 011229

This is a Clifton case being heard in Hawthorne Municipal Court on the above date and time.
Hawthorne Municipal Court is located at 445 Lafayette Avenue, Hawthorne, NJ  07506.

Status conference.

HONR V. MYRNA  TABAYUN

BY ORDER OF THE JUDGE
SCOTT J BENNION

TELEPHONE: 973-470-5858
8:30AM - 4:00PM

# MUNICIPAL COURT
## Borough of Hawthorne
445 Lafayette Ave.
Hawthorne, NJ  07506
(973) 427-4767
*John F. Meola, Judge*
*Christine Oravetz, C.M.C.A.*
*Joyce Comerro, Deputy Court Administrator*

*February14, 2008*

Myrna Tagayun
1360 Clifton Avenue # 275
Clifton, New Jersey 07012

Re: State vs. Myrna Tagayun
Complaint #  SC-010601, SC-010602, SC-010603, SC-011217, SC-011218, SC-011219, SC-011220, SC-011221, SC-011229

Dear Ms. Tagayun,

Please be advised that the court matters listed above have been rescheduled for **Thursday, March 27, 2008 at 4:00Pm.**

Very truly yours,
Christine Oravetz, CMCA

Rev. 4/06

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

# INITIAL ELECTRONIC CASE FILING
## ORDER

Subsequent filings in this case must be made electronically using the Court's Electronic Case Filing System (ECF) pursuant to Local Rule 5.4.

ORDERED that counsel shall:

- Submit in paper, the original and copy of the complaint/notice of removal/petitions for habeas corpus and any accompanying papers (**not including summons and civil cover sheets**). Additionally, litigants are hereby required to provide those filings in PDF Format on a floppy disk or CD-Rom compact disk. The disk should be clearly labeled with the case number (if known) and the name of the parties. If unable to deliver the filing on a disk at the time of the new case filing, counsel should e-mail the initiating document and accompanying papers to dcd_cmecf@dcd.uscourts.gov by the close of business the day the new case was filed. Failure to supply electronic copies of the new case in a timely manner, will result in the attorney's name being added to the attorney non-compliant list and shared with the Court's ECF Judge's Committee. **Regardless of what option counsel chooses, the complaint/notice** of removal and accompanying papers must come to the Court as PDF documents. Each exhibit to the new case shall be in a separate PDF file. Failure to submit PDF versions of the complaint/notice of removal and other documents will delay the opening of the case in ECF.

- Register, if not previously registered, to become an electronic filer by completing and returning the enclosed ECF Registration Form found on the Court's Website at (www.dcd.uscourts.gov). The login and password are case specific and can be used for all cases.

- **Make all subsequent filings electronically. This is <u>mandatory</u>.**

- Have a PACER (Public Access to Court Electronic Records) account, in order to view dockets and documents. Call 1-800-676-6856 or visit www.pacer.psc.uscourts.gov for additional information.

- Schedule a training class at the Courthouse by going to the Court's ECF Internet Website (www.dcd.uscourts.gov/ecf.html). Also, filing instructions and an interactive tutorial can be found at this Internet Website.

# ROBERTSON, J. JR
UNITED STATES DISTRICT JUDGE

3/31

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

RECEIVED
MAR 24 2008
Attorney Pasquale
Eric Mauer, Esq.
Bars.

Myrna B. Tagayun;
Robert S. Mandell

Plaintiffs

**SUMMONS IN A CIVIL CASE**

V.

Federal Home Loan Mortgage Corporation
a/k/a "Freddie Mac"; Bank of America, N.A.;
State of New Jersey; City of Clifton, New
Jersey; Borough of Hawthorne, New Jersey

CASE N

Case: 1:08-cv-00476
Assigned To : Robertson, James
Assign. Date : 3/20/2008
Description: Pro Se General Civil

TO: (Name and address of Defendant)

Borough of Hawthorne, New Jersey
Att: City Clerk
Municipal Building
445 Lafayette Avenue
Hawthorne, New Jersey 07506

V0226 - Olga - 1000
(201) 573-
George Allman
(973) 257-0080
Pro Se

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S (name and address)

Myrna Tagayun & Robert S. Mandell
1360 Clifton Avenue, #275
Clifton, New Jersey 07012

PRO SE PLAINTIFFS

--20--

an answer to the complaint which is served on you with this summons, within _____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON

CLERK

MAR 20 2008

DATE

(DEPUTY CLERK)

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Nancy M. Mayer-Whittington
Clerk

## NOTICE OF RIGHT TO CONSENT TO TRIAL
### BEFORE UNITED STATES MAGISTRATE JUDGE

The substantial criminal caseload in this Court and the requirements of the criminal Speedy Trial Act frequently result in a delay in the trial of civil cases. Aware of the hardship and expense to the parties, counsel, and witnesses caused by the delays which are beyond the control of the Court, this notice is to advise you of your right to a trial of your case by a United States Magistrate Judge. By statute, 28 U.S.C. § 636(c), Fed.R.Civ.P.73 and Local Rule 502, the parties, by consent, can try their case by means of a jury trial or bench trial before a United States Magistrate Judge. Appeals from judgments and final orders are taken directly to the United States Court of Appeals for the District of Columbia Circuit, in the same manner as an appeal from a judgment of a District Judge in a civil case.

## WHAT IS THE PROCEDURE?

One of the matters you are required to discuss at the meet-and-confer conference mandated by Local Rule 206 is whether the case should be assigned to a United States Magistrate Judge for all purposes, including trial.

All parties must consent before the case is assigned to a Magistrate Judge for trial. You may consent at any time prior to trial. If you expressly decline to consent or simply fail to consent early in the case, you are not foreclosed from consenting later in the case. However, a prompt election to proceed before a Magistrate Judge is encouraged because it will facilitate a more orderly scheduling of the case.

Attached is a copy of the "Consent to Proceed Before a United States Magistrate Judge for All Purposes" form. Your response should be made to the Clerk of the United States District Court only.

## WHAT IS THE ADVANTAGE?

The case will be resolved sooner and less expensively. The earlier the parties consent to assigning the case to a Magistrate Judge the earlier a firm and certain trial date can be established, even if the case is to be tried to a jury.

Upon the filing of the consent form and with the approval of the District Judge, the case will be assigned for all purposes to a Magistrate Judge.

CO-942A
Rev 3/95
Rev 7/99

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
## District of Columbia

MYRNA B. TAGAYUN, ET AL.,

**SUMMONS IN A CIVIL CASE**

V.

FEDERAL HOME LOAN MORTGAGE
CORPORATION, ET AL.,

CASE NUMBER:    08-476 JR



RECEIVED
APR 1 4 2008
HAWTHORNE MUNICIPAL COURT

TO: (Name and address of Defendant)

JUDGE JOHN F. MEOLA
MUNICIPAL COURT, HAWTHORNE NJ
455 Lafayette Avenue
Hawthorne, New Jersey 07506

Pro Se

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ~~ATTORNEY~~ (name and address)

Pro Se Plaintiffs: Myrna B. Tagayun and Robert S. Mandell
                   1360 Clifton Avenue
                   Apartment 275
                   Clifton, New Jersey  07012

an answer to the *amended* complaint which is served on you with this summons, within _____ 20 _____ days after service
of this summons on you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the *amended* complaint.  Any answer that you serve on the parties to this action must be filed with the Clerk of this
Court within a reasonable period of time after service.

NANCY MAYER-WHITTINGTON                                    4/11/08

CLERK

T. Davis                                                  DATE

(By) DEPUTY CLERK

EXHIBIT
"B"

AO 440 (Rev. DC - September 2003) Summons in a Civil Action

## RETURN OF SERVICE

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |
| NAME OF SERVER *(PRINT)* | TITLE |

*Check one box below to indicate appropriate method of service*

☐  Served personally upon the defendant.  Place where served: _____

_____

☐  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐  Returned unexecuted: _____

_____

_____

☐  Other (specify): _____

_____

_____

## STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____        _____
                        Date                              *Signature of Server*


                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Myrna B. Tagayun;<br>Robert S. Mandell<br>1360 Clifton Avenue, #275<br>Clifton, New Jersey 07012<br>973-253-7737<br><br>Plaintiffs<br><br><br>vs.<br><br>Federal Home Loan Mortgage Corp-<br>oration a/k/a "Freddie Mac", 401<br>9th Street, N.W., Washington, D.C.<br>20004; Bank of America, N.A., 101<br>South Tryon Street, Charolotte,<br>NC 28255; State of New Jersey,<br>Office of Attorney General, P.O.<br>Box 080, Trenton, NJ 08625; City<br>of Clifton, New Jersey, 900 Clifton<br>Avenue, Clifton, NJ 07013; Municipal<br>Court, City of Clifton, New Jersey,<br>900 Clifton Avenue, Clifton, NJ<br>07013; Borough of Hawthorne, New<br>Jersey, 445 Lafayette Avenue,<br>Hawthorne, NJ 07506; Municipal Court<br>of the City of Hawthorne, New Jersey,<br>445 Lafayette Avenue, Hawthorne, NJ<br>07506; John F. Meola, Judge, Municipal<br>Court of Hawthorne, New Jersey, 445<br>Lafayette Avenue, Hawthorne, NJ 07506;<br>Scott Bennion, Judge, Municipal Court<br>of the City of Clifton, New Jersey,<br>900 Clifton Avenue, Clifton, NJ 07013<br><br><br>Defendants | United States District Court<br>for the District of Columbia<br>**Docket Number: 1:08-cv-00476 (JR)**<br><br>CIVIL ACTION<br><br><br>AMENDED COMPLAINT |

Plaintiff complains as to defendants as follows:

### FIRST CAUSE OF ACTION

On or about June 1, 2001 Myrna B. Tagayun entered into a mortgage and
note given to defendant Bank of America, N.A. (hereinafter "BA") pur-
suant to the purchase of a primary residence at 57 Prospect Street,
Clifton, New Jersey. After June 1, 2001, and prior to May 3, 2005, BA
sold and conveyed the mortgage and note in their entireties to Federal
Home Loan Mortgage Coporation (hereinafter "Freddie Mac"). As of the
date of sale and conveyance from BA to Freddie Mac, BA held

PAGE TWO

no further legal or equitable interest in or title to the mortgaged
premises. BA continued to act as the 'loan servicer' for Freddie
Mac, essentially the collection agent for mortgage installment pay-
ments, conveying same to Freddie Mac, together with other received
payments for property taxes and insurance. On sale and conveyance
of the mortgage and note, neither BA nor Freddie Mac notified the
Register of Passaic County, New Jersey of said sale and conveyance,
and Freddie Mac failed and refused to record the mortgage and note
in its own behalf.

On or about May 5, 2005 BA, operating through a "designated counsel"
selected by Freddie Mac, that counsel designated as "Zucker, Goldberg,
and Ackerman, LLC" of Mountainside, New Jersey, proceeded to file
a fraudulent mortgage foreclosure action against Myrna Tagayun and
her spouse, Robert S. Mandell. Over the course of the following four-
teen months, until eviction from the premises on or about July 12,
2006, BA and Freddie Mac repeatedly and persistently represented
to the Chancery Division of the  Superior Court of New Jersey that
BA was the real party in interest, with sole and sufficient standing
to sue for foreclosure. This fraud and charade was willingly accepted
by the Superior Court of New Jersey, Chancery Division, Passaic
County, nothwithstanding overwhelming proofs provided to the Chancery
Division, by defendants Tagayun and Mandell, demonstrating perpetra-
tion of the fraud by BA and Freddie Mac. As a direct result of the
fraud and conspiracy by BA and Freddie Mac, with the willing ccopera-
tion of the Superior Court of New Jersey, Chancery Division, Passaic
County, Myrna Tagayun and Robert S. Mandell were evicted from their

PAGE THREE

primary residence on or about July 12, 2006.

During the course of the legal proceedings ending in foreclosure,
Mandell and Tagayun became aware of State of New Jersey policies
and procedures concerning foreclosure actions, which prevented
access to a fair and impartial tribunal. And in fact, plaintiffs
here have obtained documentary proof of suasion by the Chancery
Division, Superior Court of New Jersey to prevent the matter
from proceeding under federal rules, and federal statutes, in
the United States District Court for the District of New Jersey.
Copies of appropriate documents have allready been lodged with
appropriate federal law enforcement and legislative authorities.
In sum defendants BA, Freddie Mac, and the State of New Jersey
have and do operate a 'racket' as defined under the Racketeer
Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 et seq,
as such pertains to the judicial process permitted and promoted
in furtherance of rapid, wholesale foreclosure actions, using
straw man nominees (in this case BA) as plaintiffs, without
regard to demonstrated standing as the real parties in interest.
These three defendants further have acted individually, jointly,
and conspiratorily to deprive Tagayun and Mandell of their rights
under color of law, pursuant to 42 U.S.C. 1983.


## SECOND CAUSE OF ACTION

During the course of the foreclosure proceedings before the Chancery
Division, Superior Court of New Jersey, Tagayun and Mandell became
aware that the City of Clifton, New Jersey had assigned and directed
an official employee, one "Russomanno" to conduct illegal searches

PAGE FOUR

of the residential premises, said searches consisting of repeated vehicular 'driveby' and taking of unauthorized photographs of the premises. This "Russomanno" acted under authority and instruction of the City of Clifton, New Jersey in conducting these illegal searches.

These illegal searches resulted in the "Russomanno" individual issuing a series of eight or nine summonses on February 22, 2006 and May 18, 2006, all purporting alleged violations of **City of Clifton, New Jersey** local municipal ordinances. All such summonses were delivered to Tagayun and Mandell without proper service of process, by regular mail, in violation of both City of Clifton, New Jersey, and Superior Court of New Jersey Rules of Court concerning acceptable service of process. Copies of the local ordinance summonses are attached as **Exhibit A**. Tagayun and Mandell notified the City of Clifton and its Municipal Court that proper service had not taken place. The City of Clifton New Jersey and the Municipal Court of the City of Clifton New Jersey disregarded such notice, attempting to proceed further in the matter. At a later date, specifically August 14, 2006, the Municipal Court of the City of Clifton New Jersey served Tagayun with a mailed notice that all nine summonses were transferred to the venue of the **Borough of Hawthorne, New Jersey**, without regard to the fact that the **Borough of Hawthorne, New Jersey** had and has **NO SUBJECT MATTER JURISDICTION OVER THE LOCAL MUNICIPAL ORDINANCES OF THE CITY OF CLIFTON NEW JERSEY, SAID ORDINANCES ENFORCEABLE AND ADJUDICABLE ONLY WITHIN THE MUNICIPAL BOUNDARY AND COURT OF THE CITY OF CLIFTON NEW JERSEY, UNLESS TAGAYUN WAIVED THE RIGHT TO PROPER VENUE. TAGAYUN GAVE NO CONSENT TO DO SO, AND**

WAS NOT ASKED TO GIVE CONSENT BY PLAINTIFF'S COUNSEL.

The Borough of Hawthorne, New Jersey and its Muncipal Court have
persisted in assuming subject matter jurisdictional authority to
adjudicate the City of Clifton New Jersey summonses. Since the
"change of venue" on August 14, 2006, and a personal appearance
by Tagayun on or about September 7, 2006, the Municipal Court of
the Borough of Hawthorne New Jersey has persisted in the matter
of the nine City of Clifton New Jersey summonses, most recently
scheduling an appearance on **March 27, 2008 at 4:00 P.M.**, after
procedural matters concerning a prior Removal and Appeal had
concluded. Tagayun and her spouse Mandell in privity with her,
derived from prior spousal residence in the summonsed premises,
claim the Borough of Hawthorne New Jersey acts to deprive plain-
tiffs here of their 'due process' right to proceedings in the
proper venue, and conducts this deprivation under color of law
pursuant to 42 U.S.C. 1983.

The City of Clifton New Jersey is further claimed to have violated
plaintiffs due process rights through the conduct of repeated
illegal photographic searches of the residential premises, the
issuance of summonses based upon those illegal searches, and
the denial due process in failing to effect proper service of
process of the issued summonses, pursuant to both City of Clifton
New Jersey and State of New Jersey Superior Court requirements.
The City of Clifton New Jersey further denied plaintiffs due
process by summary change of venue of the matter, without con-
sent of the summonsed party, to a venue which is without subject
matter jurisdiction over the ordinances of the City of Clifton
New Jersey. The City of Clifton New Jersey has acted in violation
of plaintiffs rights as set forth hereinabove, under color of law
pursuant to 42 U.S.C. 1983.

PAGE SIX

## RELIEF DEMANDED

### As to BA, Freddie Mac, and State of New Jersey

1. As to BA, plaintiffs demand one million dollars compensatory damages, and two hundred fifty million dollars punitive damages.

2. As to Freddie Mac, plaintiffs demand fifty million dollars compensatory damages, and five hundred million dollars punitive damages.

3. As to the State of New Jersey, respondeat superior for the Superior Court of New Jersey, and its Chancery Division, plaintiffs demand twenty-five million dollars compensatory damages, and one hundred million dollars punitive damages.

All above compensatory and punitive damages sought by plaintiffs for deprivation of property rights; victimization pursuant to the conduct of a racketeering activity by the named parties; and severe emotional and psychological injuries.

### As to City of Clifton, New Jersey; Borough of Hawthorne, New Jersey; Municipal Court of the City of Clifton, New Jersey; Municipal Court of the Borough of Hawthorne, New Jersey; Scott Benion, Judge, Municipal Court of the City of Clifton, New Jersey; John F. Meola, Judge, Municipal Court of the Borough of Hawthorne, New Jersey.

1. As to City of Clifton, New Jersey, plaintiffs demand five hundred thousand dollars compensatory damages, and five million dollars punitive damages pursuant to denial of rights under color of law (42 U.S.C. 1983), and for inflicting severe and continuing emotional and psychological injuries.

2. As to the Borough of Hawthorne, New Jersey, respondeat superior for the Muncipal Court of Hawthorne, New Jersey and John F. Meola, Judge of the Municipal Court of the Borough of Hawthorne, New Jersey, plaintiffs demand two million dollars compensatory damages, and

PAGE SEVEN

and twenty-five million dollars punitive damages, pursuant to denial of rights under color of law (42 U.S.C. 1983), and for inflicting severe and continuing emotional and psychological injuries.

3. As to the Municipal Court of the City of Clifton, New Jersey and Scott Bennion, Judge, Municipal Court of the City of Clifton, New Jersey, plaintiffs seek relief by way of

a) Declaratory Judgment finding that plaintiffs here were denied due process of law by defective service under the substantive law of the State of New Jersey and the City of Clifton, New Jersey, and that plaintiffs here were denied United States Constitutional right to protection against illegal search and seizure, in the manner of search of plaintiff's residential premises precedent to issuance of summonses, and;

b) Writ of Mandamus to the Municipal Court of the City of Clifton, New Jersey, and Scott Bennion, Judge , Municipal Court of the City of Clifton, New Jersey, barring further prosecution of any and all summonses issued to Myrna Tagayun on February 22, 2006 and May 18, 2006, and dismissing said summonses with prejudice.

4. As to the Municipal Court of the Borough of Hawthorne, New Jersey and John F. Meola, Judge, Municipal Court of the Borough of Hawthorne, New Jersey, plaintiffs seek relief by way of

a) Declaratory Judgment finding  that plaintiff Myrna Tagayun was denied due process of law by change of venue without consent for the prosecution of summonses issued to Myrna Tagayun on February 22, 2006 and May 18, 2006, said venue of the Municipal Court of the Borough of Hawthorne, New Jersey having no subject matter jurisdictional authoritty over the municipal ordinances of the City of Clifton, New Jersey, and

b) Writ of Mandamus to the Municipal Court of the Borough of Hawthorne, New Jersey, and John F. Meola, Judge, Municipal Court of the Borough of Hawthorne, New Jersey, ordering immediate cessation of prosecution of summonses issued to Myrna Tagayun by the City of Clifton, New Jersey on February 22, 2006 and May 18, 2006, and further ordering immediate remand of all prosecution on said summonses to the Municipal Court of the City of Clifton, New Jersey, for immediate dismissal.

JURY TRIAL IS DEMANDED ON ALL COUNTS
AND AS TO ALL MONETARY RELIEF SOUGHT

SUMMARY JUDGMENT OR IN THE ALTERNATIVE
JUDGMENT ON THE PLEADINGS IS SOUGHT
AS TO RELIEF OF DECLARATORY JUDGMENT AND
WRITS OF MANDAMUS TO THE MUNICIPAL COURTS
OF CLIFTON AND HAWTHORNE NEW JERSEY
AND SCOTT BENION AND JOHN F. MEOLA, JUDGES OF THOSE COURTS

_Myrna B. Tagayun_
Myrna B. Tagayun
1360 Clifton Avenue, #275
Clifton, New Jersey 07012
973-253-7737

_Robert S. Mandell_
Robert S. Mandell
1360 Clifton Avenue, #275
Clifton, New Jersey 07012
973-253-7737

Date: April 8, 2008

**EXHIBIT A**

**Left Complaint Form:**

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|---|---|---|---|
| 1602 | SC | 010601 | 900 Clifton Ave. Clifton, NJ 07013 |

### The State of New Jersey
### vs.

Defendant's Name: First **Myrna** Initial Last **Tagayun**

Address: **37 Prospect St Clifton**

State | Zip Code | Telephone | SOCIAL SECURITY NUMBER

Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions

Driver's License #

State | Exp. Date

STATE OF NEW JERSEY
COUNTY OF **PASSAIC** }SS;

Complaining Witness **Russomanno** (Name)

of **Housing** (Identify Dept/Agency Represented)   (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the Month Day Year Time

in CLIFTON HIGH ZIP CODE County of PASSAIC N.J.

did commit the following offense: **Failure to repair gate to driveway + fence** (DESCRIPTION OF OFFENSE)

in violation of (one charge only) **273-11 (K)** (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE Describe Location **57-59 Prospect St**

OATH: Subscribed and sworn to before me this

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that, if any of the foregoing statements made by me are willfully false, I am subject to punishment.

(Signature of Complaining Witness)

OR

(Signature of Person Administering Oath)   (Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:**

Probable cause is found for the issuance of this Complaint-Summons.

(Signature of Judicial Officer)

☐ The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

YES | (Signature of Judge)
NO |

**YOU ARE HEREBY SUMMONED TO APPEAR**

**NOTICE TO APPEAR**

COURT APPEARANCE REQUIRED | COURT DATE | Month **4** | Day **3** | Year **06** | Time **9 00** | AM PM

(Date Summons Issued) **2/22/06** | (Signature of Person Issuing Summons)

Complaint-Summons                     SF-1 (12-03)

---

**Right Complaint Form:**

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|---|---|---|---|
| 1602 | SC | 010602 | 900 Clifton Ave. Clifton, NJ 07013 |

### The State of New Jersey
### vs.

Defendant's Name: First **Myrna** Initial Last **Tagayun**

Address: **37 Prospect St Clifton**

State | Zip Code | Telephone | SOCIAL SECURITY NUMBER

Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions

Driver's License #

State | Exp. Date

STATE OF NEW JERSEY
COUNTY OF **PASSAIC** }SS;

Complaining Witness **Russomanno** (Name)

of **Housing** (Identify Dept/Agency Represented)   (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the Month Day Year Time

in CLIFTON HIGH ZIP CODE County of PASSAIC N.J.

did commit the following offense: **Failure to remove garbage + keep exterior premises clean** (DESCRIPTION OF OFFENSE)

in violation of (one charge only) **273-12 (G)** (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE Describe Location **57-59 Prospect St**

OATH: Subscribed and sworn to before me this

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware, that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

(Signature of Complaining Witness)

OR

(Signature of Person Administering Oath)   (Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:**

Probable cause is found for the issuance of this Complaint-Summons.

(Signature of Judicial Officer)

☐ The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

YES | (Signature of Judge)
NO |

**YOU ARE HEREBY SUMMONED TO APPEAR**

**NOTICE TO APPEAR**

COURT APPEARANCE REQUIRED | COURT DATE | Month **4** | Day **3** | Year **06** | Time **9 00** | AM PM

(Date Summons Issued) **2/22/06** | (Signature of Person Issuing Summons)

Complaint-Summons                     SF-1 (12-03)

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|---|---|---|---|
| 1602 | SC | 010603 | 900 Clifton Ave.<br>Clifton, NJ 07013 |

**The State of New Jersey**

**VS.**

Defendant's Name: *Thelma Tagayun*

Address: *57 Prospect St left*

| State | Zip Code | Telephone | SOCIAL SECURITY NUMBER |
|---|---|---|---|

| Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions |
|---|---|---|---|---|---|---|---|

| Driver's License # | | | | | State | Exp. Date |
|---|---|---|---|---|---|---|

STATE OF NEW JERSEY
COUNTY OF **PASSAIC** )SS:

Complaining Witness: *Russomanno*

(Name)

of *Housing*

(Identify Dept/Agency Represented)    (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge and/or information and belief, the above named defendant on or about the *1/1/06*

Month   Day   Year   Time

in **CLIFTON**    MUNICIPAL CODE, County of **PASSAIC** , N.J.

did commit the following offense: *Failure to remove*
*abandoned unregistered*
*vehicles from property*

DESCRIBE NATURE OF OFFENSE

in violation of (one charge only) *461-13.1 K2 (19)*

(Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE: *57 Prospect St*

OATH: Subscribed and sworn to before me this _____ Day of ___ yr. *06*

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

OR

(Signature of Complaining Witness)

(Signature of Person Administering Oath)    (Date)

(Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS**

Probable cause is found for the issuance of this Complaint-Summons

YES

NO    (Signature of Judicial Officer)

☐ The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

YES

NO    (Signature of Judge)

**YOU ARE HEREBY SUMMONED TO APPEAR**

**NOTICE TO APPEAR**

| COURT APPEARANCE REQUIRED | COURT DATE | Month | Day | Year | Time | AM/PM |
|---|---|---|---|---|---|---|
| ☑ | | 4 | 3 | 06 | 9 00 | |

*2/22/06*

(Date Summons Issued)    (Signature of Person Issuing Summons)

Complaint-Summons

SF-1 (12-03)



EXHIBIT "C"

**Left Form:**

| COURT I.D. | PREFIX | COMPLAINT NUMBER | |
|---|---|---|---|
| 1602 | SC | 011229 | Municipal Court of Clifton<br>900 Clifton Ave.<br>Clifton, NJ 07013 |

### The State of New Jersey
### vs.

Defendant's Name: First _Myrna_ Initial Last _Tagayun_

Address _1 99 Main Ave. Suite 5 CLIFTON_

State | Zip Code | Telephone | SOCIAL SECURITY NUMBER

Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions

Driver's License #

| | State | Exp. Date

STATE OF NEW JERSEY
COUNTY OF PASSAIC                    )SS:

Complaining Witness _Kussomanno_ (Name)
of _Housing_ (Identify Dept/Agency Represented) (Badge No.)

Residing at _____

by certification or on oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the _5/22/06_ Month Day Year Time

in CLIFTON 1602 County of PASSAIC N.J.

did commit the following offense: _Failure to cut grass + high weeds_

in violation of (one charge only) _273-12.R.2_ (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE _57-59 Prospect St._ Describe Location

OATH: Subscribed and sworn to before me this _30_ day of _May_ yr _06_

**CERTIFICATION:** I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

OR

(Signature of Complaining Witness)

(Date)

(Signature of Person Administering Oath) (Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:**
COURT USE ONLY | LAW ENFORCEMENT USE ONLY

Probable cause is found for the issuance of this Complaint-Summons.

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

(Signature of Judicial Officer)

**YOU ARE HEREBY SUMMONED TO APPEAR**
BEFORE THIS COURT TO ANSWER THIS COMPLAINT IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

**NOTICE TO APPEAR**

| COURT APPEARANCE REQUIRED | COURT DATE | Month 7 | Day 3 | Year 06 | Time 9 00 | AM/PM |

_3/1/06_
(Date Summons Issued)

(Signature of Person Issuing Summons)

SF-1 (12-03)

---

**Right Form:**

| COURT I.D. | PREFIX | COMPLAINT NUMBER | |
|---|---|---|---|
| 1602 | SC | 011221 | Municipal Court of Clifton<br>900 Clifton Ave.<br>Clifton, NJ 07013 |

### The State of New Jersey
### vs.

Defendant's Name: First _Myrna_ Initial Last _Tagayun_

Address _199 Main Ave Clifton Suites_

State | Zip Code | Telephone | SOCIAL SECURITY NUMBER

Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions

Driver's License #

| | State | Exp. Date

STATE OF NEW JERSEY
COUNTY OF PASSAIC                    )SS:

Complaining Witness _Kussomanno_ (Name)
of _Housing_ (Identify Dept/Agency Represented) (Badge No.)

Residing at _____

by certification or on oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the _5/__/06_ Month Day Year Time

in CLIFTON 1602 County of PASSAIC N.J.

did commit the following offense: _Repair Driveway Gate_

in violation of (one charge only) _273-11 (K)_ (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE _57-59 Prospect St._ Describe Location

OATH: Subscribed and sworn to before me this _10_ day of _____ yr _06_

**CERTIFICATION:** I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

OR

(Signature of Complaining Witness)

(Date)

(Signature of Person Administering Oath) (Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:**
COURT USE ONLY | LAW ENFORCEMENT USE ONLY

Probable cause is found for the issuance of this Complaint-Summons.

YES
NO

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

YES
NO
(Signature of Judicial Officer)

(Signature of Judge)

**YOU ARE HEREBY SUMMONED TO APPEAR**
BEFORE THIS COURT TO ANSWER THIS COMPLAINT IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

**NOTICE TO APPEAR**

| COURT APPEARANCE REQUIRED | COURT DATE | Month 7 | Day 10 | Year 06 | Time 9 00 | AM/PM |

_5/18/06_
(Date Summons Issued)

(Signature of Person Issuing Summons)

SF-1 (12-03)

**Left Form:**

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|---|---|---|---|
| 1602 | SC | 011219 | 900 Clifton Ave. Clifton, NJ 07013 |

**The State of New Jersey**
vs.

Defendant's Name: First _Myrna_ Initial Last _Tagayun_

Address _1991 Main ave Clifton Suite 5_

State | Zip Code | Telephone | SOCIAL SECURITY NUMBER

Birth Date: Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions

Driver's License # | State | Exp. Date

STATE OF NEW JERSEY
COUNTY OF PASSAIC )SS;

Complaining Witness: _Russomanno_ (Name)
of _Housing_ (Identify Dept/Agency Represented) (Badge No.)

Residing at

by certification or oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the Month _5_ Day _16_ Year Time
in CLIFTON 1602 County of PASSAIC N.J.
did commit the following offense: _Remove Trip Hazard in Front walkway_
in violation of (one charge only) _273-12(u)_ (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE Describe Location _39 Prospect St_

OATH: Subscribed and sworn to before me this _18_ day of _06_ yr

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

(Signature of Complaining Witness)    OR    (Date)

(Signature of Person Administering Oath)    (Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:**
COURT USE ONLY | LAW ENFORCEMENT USE ONLY

Probable cause is found for the issuance of this Complaint-Summons.
YES / NO (Signature of Judicial Officer)

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

YES / NO (Signature of Judge)

**YOU ARE HEREBY SUMMONED TO APPEAR**
BEFORE THIS COURT TO ANSWER THIS COMPLAINT IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

NOTICE TO APPEAR

| COURT APPEARANCE REQUIRED | COURT DATE | Month _7_ | Day _10_ | Year _06_ | Time _9 00_ | AM/PM |

_5/18/06_
(Date Summons Issued) (Signature of Person Issuing Summons)

Complaint-Summons    SF-1 (12-03)

---

**Right Form:**

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|---|---|---|---|
| 1602 | SC | 011220 | 900 Clifton Ave. Clifton, NJ 07013 |

**The State of New Jersey**
vs.

Defendant's Name: First _Myrna_ Initial Last _Tagayun_

Address _1999 Main ave. Clifton Suite 5_

State | Zip Code | Telephone | SOCIAL SECURITY NUMBER

Birth Date: Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions

Driver's License # | State | Exp. Date

STATE OF NEW JERSEY
COUNTY OF PASSAIC )SS;

Complaining Witness: _Russomanno_ (Name)
of _Housing_ (Identify Dept/Agency Represented) (Badge No.)

Residing at

by certification or oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the Month _5_ Day Year Time
in CLIFTON 1602 County of PASSAIC N.J.
did commit the following offense: _Parking on law_ (DESCRIPTION OF OFFENSE)
in violation of (one charge only) _461-60J_ (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE Describe Location _39 39 Prospect St_

OATH: Subscribed and sworn to before me this _18_ day of _50_ yr

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

(Signature of Complaining Witness)    OR    (Date)

(Signature of Person Administering Oath)    (Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:**
COURT USE ONLY | LAW ENFORCEMENT USE ONLY

Probable cause is found for the issuance of this Complaint-Summons.
YES / NO (Signature of Judicial Officer)

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

YES / NO (Signature of Judge)

**YOU ARE HEREBY SUMMONED TO APPEAR**
BEFORE THIS COURT TO ANSWER THIS COMPLAINT IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

NOTICE TO APPEAR

| COURT APPEARANCE REQUIRED | COURT DATE | Month _7_ | Day _10_ | Year _06_ | Time _9 00_ | AM/PM |

_5/18/06_
(Date Summons Issued) (Signature of Person Issuing Summons)

Complaint-Summons    SF-1 (12-03)

**Left Form:**

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|---|---|---|---|
| 1602 | SC | 011217 | 900 Clifton Ave. Clifton, NJ 07013 |

## The State of New Jersey
### vs.

Defendant's Name: First — *Myrna*   Initial   Last — *Tagayun*

Address — *1199 Main ave*   City — *Clifton*

State | Zip Code | Telephone — *Suite 5*

SOCIAL SECURITY NUMBER

Birth Date: Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions

Driver's License #

State | Exp. Date

STATE OF NEW JERSEY
COUNTY OF *PASSAIC* )SS;

Complaining Witness: *Russomanno* (Name)

of *Housing* (Identify Dept./Agency Represented) (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the Month *5* Day *10* Year *08* Time

in *CLIFTON* 1602 County of *PASSAIC* N.J.

did commit the following offense: *Trim Back tree Branches away from structure*

*273-12- G*

in violation of (one charge only) *59 Prospect St.* (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE: *59 Prospect St.* Describe Location

OATH: Subscribed and sworn to before me this ___ day of ___ yr ___

OR

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

(Signature of Complaining Witness)

(Date)

(Signature of Person Administering Oath)   (Signature of Complaining Witness)

### PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:
**COURT USE ONLY** | **LAW ENFORCEMENT USE ONLY**

Probable cause is found for the issuance of this Complaint-Summons.

YES / NO (Signature of Judicial Officer)

YES / NO (Signature of Judge)

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

### YOU ARE HEREBY SUMMONED TO APPEAR
BEFORE THIS COURT TO ANSWER THIS COMPLAINT IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

NOTICE TO APPEAR

COURT APPEARANCE REQUIRED | COURT DATE | Month *7* | Day *10* | Year *06* | Time *9 00* | AM/PM

*5/18/06* (Date Summons Issued)   (Signature of Person Issuing Summons)

Complaint-Summons   SF-1 (12-03)

---

**Right Form:**

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|---|---|---|---|
| 1602 | SC | 011218 | 900 Clifton Ave. Clifton, NJ 07013 |

## The State of New Jersey
### vs.

Defendant's Name: First — *Myrna*   Initial   Last — *Tagayun*

Address — *1199 Main ave*   City — *Clifton Suites*

State | Zip Code | Telephone

SOCIAL SECURITY NUMBER

Birth Date: Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions

Driver's License #

State | Exp. Date

STATE OF NEW JERSEY
COUNTY OF *PASSAIC* )SS;

Complaining Witness: *Russomanno* (Name)

of *Housing* (Identify Dept./Agency Represented) (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the Month *5* Day *10* Year *06* Time

in *CLIFTON* 1602 County of *PASSAIC* N.J.

did commit the following offense: *Abandoned - Unregistered Vehicle*

*461-13.18. 10*

in violation of (one charge only) (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE: *51-59 Prospect St.* Describe Location

OATH: Subscribed and sworn to before me this ___ day of ___ yr ___

OR

CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements are willfully false, I am subject to punishment.

(Signature of Complaining Witness)

(Date)

(Signature of Person Administering Oath)   (Signature of Complaining Witness)

### PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:
**COURT USE ONLY** | **LAW ENFORCEMENT USE ONLY**

Probable cause is found for the issuance of this Complaint-Summons.

YES / NO (Signature of Judicial Officer)

YES / NO (Signature of Judge)

The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

### YOU ARE HEREBY SUMMONED TO APPEAR
BEFORE THIS COURT TO ANSWER THIS COMPLAINT IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

NOTICE TO APPEAR

COURT APPEARANCE REQUIRED | COURT DATE | Month *7* | Day *10* | Year *06* | Time *9 :00* | AM/PM

*5/18/06* (Date Summons Issued)   (Signature of Person Issuing Summons)

Complaint-Summons   SF-1 (12-03)

**Left Form:**

| COURT I.D. | PREFIX | COMPLAINT NUMBER |
|---|---|---|
| 1602 | SC | 010602 |

Municipal Court of Clifton
900 Clifton Ave.
Clifton, NJ 07013

**The State of New Jersey**
**vs.**

Defendant's Name: First *Myrna* Initial Last *Tagayun*

Address: *57 Prospect St* City: *Clifton*

State | Zip Code | Telephone

SOCIAL SECURITY NUMBER

Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions

Driver's License #

State | Exp. Date

STATE OF NEW JERSEY
COUNTY OF PASSAIC )SS;

Complaining Witness: *Russomanno*
of *Housing* (Name)
(Identify Dept/Agency Represented) (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the Month | Day *1602* | Year | Time, County of PASSAIC, N.J.

did commit the following offense: *Failure to remove garbage + keep exterior premises clean 273-12 (G)*

in violation of (one charge only) _____ (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE: Describe Location *57-59 Prospect st*

OATH: Subscribed and sworn to before me this ___ day of ___ 06

OR | CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

(Signature of Complaining Witness)

(Signature of Person Administering Oath) | (Date)

(Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS**

| COURT USE ONLY | LAW ENFORCEMENT USE ONLY |
|---|---|
| Probable cause is found for the issuance of this Complaint-Summons | ☐ The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of the Complaint-Summons. |
| YES / NO (Signature of Judicial Officer) | |
| YES / NO (Signature of Judge) | |

**YOU ARE HEREBY SUMMONED TO APPEAR**
BEFORE THIS COURT TO ANSWER THIS COMPLAINT IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

**NOTICE TO APPEAR**

| ☐ COURT APPEARANCE REQUIRED | COURT DATE | Month 4 | Day 3 | Year 9 | Time 00 | AM/PM |

*2/22/06* (Date Summons Issued) (Signature of Person Issuing Summons)
Complaint-Summons    SF-1 (12-03)

---

**Right Form:**

| COURT I.D. | PREFIX | COMPLAINT NUMBER |
|---|---|---|
| 1602 | SC | 010603 |

Municipal Court of Clifton
900 Clifton Ave.
Clifton, NJ 07013

**The State of New Jersey**
**vs.**

Defendant's Name: First *Myrna* Initial Last *Tagayun*

Address: *57 Prospect St* City: *Clifton*

State | Zip Code | Telephone

SOCIAL SECURITY NUMBER

Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions

Driver's License #

State | Exp. Date

STATE OF NEW JERSEY
COUNTY OF PASSAIC )SS;

Complaining Witness: *Russomanno*
of *Housing* (Name)
(Identify Dept/Agency Represented) (Badge No.)

Residing at

by certification or on oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the Month | Day *1602* | Year | Time, County of PASSAIC, N.J.

did commit the following offense: *Failure to remove abandoned /unregistered vehicles from property 461-13.1.2 (19)*

in violation of (one charge only) _____ (Statute, Regulation or Ordinance Number)

LOCATION OF OFFENSE: Describe Location *57-59 Prospect st*

OATH: Subscribed and sworn to before me this ___ day of ___ 06

OR | CERTIFICATION: I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are wilfully false, I am subject to punishment.

(Signature of Complaining Witness)

(Signature of Person Administering Oath) | (Date)

(Signature of Complaining Witness)

**PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS**

| COURT USE ONLY | LAW ENFORCEMENT USE ONLY |
|---|---|
| Probable cause is found for the issuance of this Complaint-Summons | ☐ The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of the Complaint-Summons. |
| YES / NO (Signature of Judicial Officer) | |
| YES / NO (Signature of Judge) | |

**YOU ARE HEREBY SUMMONED TO APPEAR**
BEFORE THIS COURT TO ANSWER THIS COMPLAINT IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

**NOTICE TO APPEAR**

| ☐ COURT APPEARANCE REQUIRED | COURT DATE | Month 4 | Day 3 | Year 06 | Time 9 00 | AM/PM |

*2/22/06* (Date Summons Issued) (Signature of Person Issuing Summons)
Complaint-Summons    SF-1 (12-03)

| COURT I.D. | PREFIX | COMPLAINT NUMBER | Municipal Court of Clifton |
|---|---|---|---|
| 1602 | SC | 010601 | 900 Clifton Ave. Clifton, NJ 07013 |

## The State of New Jersey
### vs.

**Defendant's Name:** First _Myrna_  Initial  Last _Tacavun_

Address _57 Prospect st_  City _Clifton_

| State | Zip Code | Telephone | SOCIAL SECURITY NUMBER |
|---|---|---|---|

| Birth Date: | Mo. | Day | Yr. | Sex | Eyes | Height | Restrictions |
|---|---|---|---|---|---|---|---|

| Driver's License # | | State | Exp. Date |
|---|---|---|---|

STATE OF NEW JERSEY
COUNTY OF _PASSAIC_ )SS;

**Complaining Witness** _Russomanno Housing_ (Name)

of _____ (Identify Dept/Agency Represented)    (Badge No.)

Residing at _____

by certification or on oath, says that to the best of his/her knowledge or information and belief, the named defendant on or about the ___ Month ___ Day _4/14/06_ Year ___ Time ___

in CLIFTON  MUNI. 1602 CODE  County of PASSAIC  N.J.

did commit the following offense: _Failure to repair gate to driveway + fence_  (DESCRIPTION OF OFFENSE)

_273 - 11 (K)_

in violation of (one charge only) _____ (Statute, Regulation or Ordinance Number)

**LOCATION OF OFFENSE** | | | | | Describe Location _57-59 Prospect st_

**OATH:** Subscribed and sworn to before me this ___ day of _April 06_ yr.

_____
(Signature of Complaining Witness)

_____
(Signature of Person Administering Oath)

**OR**

**CERTIFICATION:** I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

_____ (Date)

_____
(Signature of Complaining Witness)

### PROBABLE CAUSE DETERMINATION FOR ISSUANCE OF PROCESS:
**COURT USE ONLY** | **LAW ENFORCEMENT USE ONLY**

Probable cause is found for the issuance of this Complaint-Summons.

[ ] YES [ ] NO  _____ (Signature of Judicial Officer)

[ ] YES [ ] NO  _____ (Signature of Judge)

[ ] The complaining witness is a law enforcement officer and a judicial probable cause determination is not required prior to the issuance of this Complaint-Summons.

### YOU ARE HEREBY SUMMONED TO APPEAR
BEFORE THIS COURT TO ANSWER THIS COMPLAINT IF YOU FAIL TO APPEAR ON THE DATE AND AT THE TIME STATED, A WARRANT MAY BE ISSUED FOR YOUR ARREST.

**NOTICE TO APPEAR**

| [ ] COURT APPEARANCE REQUIRED | COURT DATE | Month _4_ | Day _3_ | Year _06_ | Time _9_ | AM PM |
|---|---|---|---|---|---|---|

_2/14/06_
(Date Summons Issued)  _____ (Signature of Person Issuing Summons)

Complaint-Summons

SF-1 (12-03)

right to obtain an independent test. State v. Howard, 383 N.J. Super. 538, 548 (App. Div.), certif. den. 187 N.J. 80 (2006).

And see generally, as to municipal-court discovery, *Richmond & Burns, Current N.J. Municipal Court Practice (GANN)* at 12:2.

**8. R. 7:7-9; Filing Appearance.** This rule is taken from R. 3:8-1. See further Comment on that rule.

**9. R. 7:7-10; Joint Appearance.** This rule is taken from R. 3:8-2. See further Comments on that rule.

## RULE 7:8. TRIAL

### 7:8-1. Mediation of Minor Disputes in Municipal Court Actions

If a person seeks to file or has filed a complaint charging an offense that may constitute a minor dispute, the court may issue a notice to the person making the charge and the person charged, requiring their appearance before the court or before a person or program designated by the court and approved by the Assignment Judge pursuant to R. 1:40-8 (Mediation of Minor Disputes in Municipal Court Actions). If on the return date of a summons, it appears to the court that the offense charged may constitute a minor dispute, the court may order the persons involved to participate in mediation in accordance with R. 1:40-8. No referral to mediation shall be made, however, if the complaint involves (1) serious injury, (2) repeated acts of violence between the parties, (3) clearly demonstrated psychological or emotional disability of a party, (4) incidents involving the same persons who are already parties to a Superior Court action between them, (5) matters arising under the Prevention of Domestic Violence Act (N.J.S.A. 2C:25-17 et seq.), (6) a violation of the New Jersey Motor Vehicle Code (Title 39), or (7) matters involving penalty enforcement actions.

Note: Source-R. (1969) 7:3-2. Adopted October 6, 1997 to be effective February 1, 1998; amended July 5, 2000 to be effective September 5, 2000; caption and text amended June 15, 2007 to be effective September 1, 2007.

### 7:8-2. Place of Trial; Disqualification

(a) **Generally.** Except as otherwise provided by law, the prosecution for an offense shall take place in the jurisdiction in which the offense was committed.

(b) **Disqualification of Judge.** In the event of the judge's disqualification or inability for any reason to hear a pending matter, the judge, in addition to the provisions of R. 1:12- 3(a), may either refer the matter to the Assignment Judge for designation of an acting judge pursuant to N.J.S.A. 2B:12-6 or transfer the matter to a judge sitting in another municipality within the vicinage. The transferee judge may, however, accept the transfer only if:

(1) the transferee judge has been designated as an acting judge of the court of origin by the Assignment Judge of the vicinage, pursuant to N.J.S.A. 2B:12-6 and R. 1:12-3(a); and

(2) the transferring judge has found that transfer of the matter will not substantially inconvenience any party.

Upon completion of the trial, the transferee court shall immediately advise the court of origin of the disposition made and shall remit to it the complaint, judgment, all records, and any fines and costs collected. The court of origin shall retain jurisdiction and shall maintain all necessary records as though the matter had been tried in the court of origin, which shall be responsible for



EXHIBIT

2175

973 - 427 -
4194
CLOSED

# U.S. District Court
## District of New Jersey [LIVE] (Newark)
## CIVIL DOCKET FOR CASE #: 2:06-cv-02477-SRC-CCC
## Internal Use Only

| | |
|---|---|
| TAGAYUN v. STATE OF NEW JERSEY | Date Filed: 06/01/2006 |
| Assigned to: Judge Stanley R. Chesler | Date Terminated: 08/08/2006 |
| Referred to: Magistrate Judge Claire C. Cecchi | Jury Demand: Plaintiff |
| Case in other court: Third Circuit Court of Appeals, 06-04604 | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |
| Cause: 28:1441 Petition for Removal- Civil Rights Act | |

**Plaintiff**

**MYRNA TAGAYUN**                    represented by    **MYRNA TAGAYUN**
1199 MAIN AVENUE
SUITE 5
CLIFTON, NJ 07011
PRO SE

V.

**Defendant**

**STATE OF NEW JERSEY**

**Defendant**

**CITY OF CLIFTON, NEW JERSEY**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/01/2006 | 1 | NOTICE OF REMOVAL by MYRNA TAGAYUN ( Filing fee $ 350 receipt number 339079) (lm2, ) Additional attachment(s) added on 6/5/2006 (lm2, ). (Entered: 06/05/2006) |
| 07/10/2006 | 2 | ORDER REASSIGNING CASE. Case reassigned to Judge Stanley R. Chesler and Claire C. Cecchi for all further proceedings. Judge Katharine S. Hayden, Patty Shwartz no longer assigned to case. Signed by Judge Garrett E. Brown, Jr. on 7/5/06. (jd, ) (Entered: 07/11/2006) |
| 08/08/2006 | 3 | ORDER remanding case to the Municipal Court for the City of Clifton, the matter be deemed Closed. Signed by Judge Stanley R. Chesler on 8/3/06. (jd, ) (Entered: 08/08/2006) |
| 08/08/2006 | | ***Civil Case Terminated. (jd, ) (Entered: 08/08/2006) |

EXHIBIT
"E"

CM/ECF LIVE - U.S. District Court for the District of New Jersey                  Page 2 of 2

| | | |
|---|---|---|
| 08/09/2006 | ◐4 | Court's Letter to Municipal Court of Clifton, NJ re 3 Order on Remand. (jd, ) (Entered: 08/09/2006) |
| 08/11/2006 | ◐5 | NOTICE of acknowledgement from Municipal Court of Clifton re 3 Order ofRemand (jd, ) (Entered: 08/14/2006) |
| 09/05/2006 | ◐6 | MOTION for Reconsideration re 3 Order by MYRNA TAGAYUN. (Attachments: # 1 procedural history# 2 exhibits# 3 exhibits# 4 exhibits# 5 exhibits)(jd, ) (Entered: 09/05/2006) |
| 09/05/2006 | ◐ | Set Deadlines as to 6 MOTION for Reconsideration re 3 Order. Motion Hearing set for 10/10/2006 before Judge Stanley R. Chesler.(Please be advised that this motion shall be decided on the papers unless otherwise notified by the court) (jd, ) (Entered: 09/05/2006) |
| 09/27/2006 | ◐7 | ORDER denying 6 Motion for Reconsideration Signed by Judge Stanley R. Chesler on 9/25/06. (cs, ) (Entered: 09/27/2006) |
| 10/26/2006 | ◐8 | NOTICE OF APPEAL as to 7 Order on Motion for Reconsideration, 3 Order by MYRNA TAGAYUN. USCA and counsel of record notified of appeal. Filing fee $455.00, receipt number 341836. The Clerk's Office hereby certifies the record and the docket sheet available through ECF to be the certified list in lieu of the record and/or the certified copy of the docket entries. (ji, ) Modified on 10/27/2006 (ji, ). (Entered: 10/27/2006) |
| 10/31/2006 | ◐9 | USCA Case Number 06-4604 for 8 Notice of Appeal (USCA), Notice of Appeal (USCA) filed by MYRNA TAGAYUN,. USCA Case Manager Phyllis Ruffin (Document Restricted - Court Only) (Ruffin, Phyllis) (Entered: 10/31/2006) |
| 04/25/2007 | ◐10 | ORDER of USCA as to 8 Notice of Appeal (USCA), Notice of Appeal (USCA) filed by MYRNA TAGAYUN (Ruffin, Phyllis) (Entered: 04/25/2007) |
| 05/08/2007 | ◐ | (Court only) ***Clear APPEAL Flag (ji, ) (Entered: 05/08/2007) |

BLD-169                                                    March 22, 2007

## UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **06-4604**

MYRNA TAGAYUN

vs.

STATE OF NEW JERSEY; CITY OF CLIFTON, NEW JERSEY
(D.N.J. Civ. No. 06-cv-02477)

Present: MCKEE, FUENTES and WEIS, CIRCUIT JUDGES

Submitted are:

(1) By the Clerk for possible dismissal due to a jurisdictional defect and untimely; and

(2) Appellant's jurisdictional statement

in the above-captioned case.

Respectfully,

Clerk

_____ORDER_____

The foregoing appeal is dismissed because this Court does not have jurisdiction to review either the District Court's August 8, 2006 remand order or the Court's September 27, 2006 order denying Appellant's motion for reconsideration. The District Court's August 8, 2006 order remanding the matter back to the City of Clifton Municipal Court is not an appealable order. An order remanding a case to the state court from which it was removed is not appealable unless it was removed pursuant to 28 U.S.C. § 1443, which authorizes removal when a person is being denied his civil rights and cannot enforce those rights in the state courts. See 28 U.S.C. § 1447(d); Davis v. Glanton, 107 F.3d 1044, 1047 (3d Cir. 1997). Here, Appellant did not remove her case pursuant to 28 U.S.C. § 1443. Therefore, this Court lacks jurisdiction to review the District Court's order remanding the case to Municipal Court. See id.   Nor does this Court have jurisdiction to review the District Court's September 27, 2006 order denying Appellant's

1

motion for reconsideration. In <u>Trans Penn Wax Corp. v. McCandless</u>, this Court held that where Section 1447(d) bars appellate review of a remand order issued pursuant to Section 1447(c), Section 1447(d) also precludes the district court from reconsidering the remand order. 50 F.3d 217, 226 (3d Cir. 1995). The key jurisdictional event to divest the district court of jurisdiction is the physical mailing of the certified copy of the remand order to the state court. <u>Id</u>. The District Court in this case mailed a certified copy of the remand order to the Municipal Court for the City of Clifton on August 8, 2006. Thus, the District Court had already relinquished jurisdiction of the case when Appellant moved for reconsideration on September 5, 2006. Because the District Court did not have jurisdiction to reconsider its remand order, this Court cannot review the Court's order denying Appellant's motion for reconsideration. Accordingly, this appeal is dismissed.



A True Copy,

Marcia M. Waldron, Clerk

By the Court,

s/WEIS
United States Circuit Judge

Dated: April 25, 2007
par/cc: M.T.
      C.S.C., Esq.

2

**FILED**

JUN 2 8 2006

**ROBERT J. PASSERO
ASSIGNMENT JUDGE**

SUPERIOR COURT OF NEW JERSEY
PASSAIC COUNTY
LAW DIVISION

---

IN THE MATTER OF DESIGNATING
2006 ACTING MUNICIPAL COURT
JUDGES FOR THE MUNICIPAL
COURTS OF PASSAIC COUNTY

ORDER

---

This matter being opened to the Court on its own Motion, the Honorable Robert J.

Passero, Assignment Judge presiding, pursuant to N.J.S.A. 2B:12-6, and in accordance

with R. 1:12-1, R. 1:12-2, 1:12-3 (a) (b) (c), and R. 7:8-2(b),

IT IS on this ___25th___ day of June 2006, hereby **ORDERED** that the following

Municipal Court Judges are designated by the Assignment Judge as Acting Judges for the

Municipal Courts within the Passaic Vicinage, County of Passaic, State of New Jersey,

effective forthwith.

These Municipal Court Judges are:  Scott Bennion, Joaquin Calcines, Jr., Harold P.

Cook, III, Terence Corcoran, G. Dolph Corradino, Toni Belford Damiano, Philip Fenster,

Karole Graves, Debbie Klugler Irwin, Lawrence Katz, Gerald Sean Keegan, J. Kevin

McDuffie, John F. Meola, James J. Murner, Jr., Joseph C. Perconti, Xavier C. Rodriguez,

Frank Santora, Peter F. Weiss, Andrew Wubbenhorst.

Further **ORDERED** that Harold P. Cook, III is to sit as Acting Municipal Court Judge

in each and every Municipal Court within Passaic County with exception of Prospect Park

Municipal Court and Totowa Municipal Court.

**EXHIBIT
"F"**

It is further **ORDERED** that, absent any changes, this Order shall remain in full force and effect until further order of the Court. The Acting Judges designated herein shall sit temporarily for the original Judge and hold Court and conduct all judicial business before that Municipal Court.

It is further **ORDERED** that the Acting Judges shall have the full powers of the original Judge when called upon by that Judge or the Municipal Court Administrator of the Court, to preside in the event of the disqualification or inability for any reason of a judge to hear any pending matter before or after trail, or when notified by the original Judge to hear a specific matter in which the original Judge has been disqualified, or in the event that the original Judge requests a transfer of a matter for trial.

_6/28/06_
DATE

ROBERT J. PASSERO, A.J.S.C.

SUPERIOR COURT OF NEW JERSEY
PASSAIC COUNTY
LAW DIVISION

IN THE MATTER OF DESIGNATING
2007 ACTING MUNICIPAL COURT
JUDGES FOR THE MUNICIPAL
COURTS OF PASSAIC COUNTY

ORDER

This matter being opened to the Court on its own Motion, the Honorable Robert J.

Passero, Assignment Judge presiding, pursuant to N.J.S.A. 2B:12-6, and in accordance

with R. 1:12-1, R. 1:12-2, 1:12-3 (a) (b) (c), and R. 7:8-2(b),

IT IS on this _____ 11 _____ day of January 2007, hereby **ORDERED** that the following

Municipal Court Judges are designated by the Assignment Judge as Acting Judges for the

Municipal Courts within the Passaic Vicinage, County of Passaic, State of New Jersey,

effective forthwith.

These Municipal Court Judges are:  Scott Bennion, Joaquin Calcines, Jr., Harold P.

Cook, III, Terence Corcoran, G. Dolph Corradino, Toni Belford Damiano, Philip Fenster,

Karole Graves, Debbie Klugler Irwin, Lawrence Katz, Gerald Sean Keegan, J. Kevin

McDuffie, John F. Meola, James J. Murner, Jr., Joseph C. Perconti, Xavier C. Rodriguez,

Frank Santora, Peter F. Weiss, Andrew Wubbenhorst.

It is further **ORDERED** that, absent any changes, this Order shall remain in full

force and effect until further order of the Court.  The Acting Judges designated herein

shall sit temporarily for the original Judge and hold Court and conduct all judicial business before that Municipal Court.

It is further **ORDERED** that the Acting Judges shall have the full powers of the original Judge when called upon by that Judge or the Municipal Court Administrator of the Court, to preside in the event of the disqualification or inability for any reason of a judge to hear any pending matter before or after trial, or when notified by the original Judge to hear a specific matter in which the original Judge has been disqualified, or in the event that the original Judge requests a transfer of a matter for trial.

_____
DATE

_____
HON. ROBERT J. PASSERO, A.J.S.C.

SUPERIOR COURT OF NEW JERSEY
PASSAIC COUNTY
LAW DIVISION

IN THE MATTER OF DESIGNATING
2008 ACTING MUNICIPAL COURT                    ORDER
JUDGES FOR THE MUNICIPAL
COURTS OF PASSAIC COUNTY

This matter being opened to the Court on its own Motion, the Honorable Robert J. Passero, Assignment Judge presiding, pursuant to N.J.S.A. 2B:12-6, and in accordance with R. 1:12-1, R. 1:12-2, 1:12-3 (a) (b) (c), and R. 7:8-2(b),

IT IS on this _10th_ day of January 2008, hereby **ORDERED** that the following Municipal Court Judges are designated by the Assignment Judge as Acting Judges for the Municipal Courts within the Passaic Vicinage, County of Passaic, State of New Jersey, effective forthwith.

These Municipal Court Judges are: Scott Bennion, Joaquin Calcines, Jr., Harold P. Cook, III, Terence Corcoran, G. Dolph Corradino, Toni Belford Damiano, Philip Fenster, Karole Graves, Debbie Klugler Irwin, Lawrence Katz, Gerald Sean Keegan, J. Kevin McDuffie, Maribel Martinez, John F. Meola, James J. Murner, Jr., Joseph C. Perconti, Xavier C. Rodriguez, Frank Santora, Peter F. Weiss, Andrew Wubbenhorst.

It is further **ORDERED** that, absent any changes, this Order shall remain in full force and effect until further order of the Court. The Acting Judges designated herein

shall sit temporarily for the original Judge and hold Court and conduct all judicial business before that Municipal Court.

It is further **ORDERED** that the Acting Judges shall have the full powers of the original Judge when called upon by that Judge or the Municipal Court Administrator of the Court, to preside in the event of the disqualification or inability for any reason of a judge to hear any pending matter before or after trial, or when notified by the original Judge to hear a specific matter in which the original Judge has been disqualified, or in the event that the original Judge requests a transfer of a matter for trial.

_1/10/08_
DATE

_____
HON. ROBERT J. PASSERO, A.J.S.C.

# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

Mel 1251
REISEMAN, ROSENBERG & PFUND, LLP
P.O. Box 513
201 Littleton Road
Morris Plains, NJ 07950-0513
(973) 206-2500
Attorneys for Defendant, Borough of Hawthorne,
Hawthorne Municipal Court and Judge John F. Meola

| | |
|---|---|
| *Plaintiff(s)*<br><br>MYRNA B. TAGUYUN, ROBERT S. MANDELL<br><br><br>vs.<br><br>*Defendant(s)*<br>FEDERAL HOME LOAN MORTGAGE COPR. a/k/a "FREDDIE MAC", BANK OF AMERICA, N.A., STATE OF NEW JERSEY, CITY OF CLIFTON, NEW JERSEY, MUNICIPAL COURT, CITY OF CLIFTON, NEW JERSEY, BOROUGH OF HAWTHORNE, NEW JERSEY, MUNICIPAL COURT OF THE CITY OF HAWTHORNE, JOHN F. MEOLA, JUDGE, MUNICIPAL COURT OF THE CITY OF HAWTHORNE, NEW JERSEY, SCOTT BENNION, JUDGE, MUNICIPAL COURT OF THE CITY OF CLIFTON, NEW JERSEY | UNITED STATES DISTRICT COURT OF COLUMBIA<br><br>CIVIL ACTION NO. 08-cv-00476 (JR)<br><br><u>CIVIL ACTION</u><br><br>AFFIDAVIT OF<br><br>CHRISTINE ORAVETZ |

STATE OF NEW JERSEY )
                                         ss:
COUNTY OF PASSAIC    )


I, **CHRISTINE ORAVETZ, of full age and sound mind hereby affirm:**



EXHIBIT
"G"

1.    I am a certified Municipal Court Administrator for the Borough of Hawthorne, located in Passaic County, New Jersey. I have served in this capacity for the past two years.

2.    In my capacity as Municipal Court Administrator for the Borough of Hawthorne, I am fully familiar with the procedures surrounding the transfer of Municipal matters between jurisdictions.

3.    Pursuant to New Jersey Rules of Court, specifically, R. 7:8-2, Thomas Jindracek, Municipal Manager for Passaic County Superior Court, was notified that Judge Benion had disqualified himself from the within matter. This matter was then transferred to Hawthorne to be heard by Hawthorne Municipal Court Judge John F. Meola.

4.    I then received an email from the Passaic County Superior Court Municipal Division Manager informing me that we would be receiving the transfer of the within matter.

5.    This matter had been set down for hearing in Hawthorne a number of times, but to date, has not been heard.

6.    As a result of the filing of the present action, the municipal court cases are being held pending the resolution of this civil action.

I HEREBY CERTIFY that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Christine Oravetz
CHRISTINE ORAVETZ

Sworn and subscribed to
Before me this ___ day
Of _____, 2008

NOTARY PUBLIC

P. Jean Mele
Notary Public of New Jersey
Commission Expires 5/03/2009

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *Plaintiff(s)*<br>MYRNA B. TAGUYUN, ROBERT S. MANDELL<br><br>*vs.*<br><br>*Defendant(s)*<br>FEDERAL HOME LOAN MORTGAGE COPR. a/k/a "FREDDIE MAC", BANK OF AMERICA, N.A., STATE OF NEW JERSEY, CITY OF CLIFTON, NEW JERSEY, MUNICIPAL COURT, CITY OF CLIFTON, NEW JERSEY, BOROUGH OF HAWTHORNE, NEW JERSEY, MUNICIPAL COURT OF THE CITY OF HAWTHORNE, JOHN F. MEOLA, JUDGE, MUNICIPAL COURT OF THE CITY OF HAWTHORNE, NEW JERSEY, SCOTT BENNION, JUDGE, MUNICIPAL COURT OF THE CITY OF CLIFTON, NEW JERSEY | UNITED STATES DISTRICT COURT OF COLUMBIA<br><br>CIVIL ACTION NO. 08-cv-00476 (JR)<br><br><u>CIVIL ACTION</u><br><br>**AFFIDAVIT OF**<br><br>**DAVID T. PFUND, ESQ.** |

STATE OF NEW JERSEY    )
                          ss:
COUNTY OF MORRIS    )

       **DAVID T. PFUND, ESQ**, being duly sworn, deposes and says:

1.     I am a member of the law firm of Reiseman Rosenberg & Pfund, and as such, I am the attorney defending the Borough of Hawthorne, Municipal Court of the Borough of Hawthorne and Judge John F. Meola in this action. I am personally familiar with the facts and pleadings in this matter, and submit this affidavit in support of Defendant, the Borough of Hawthorne's Motion to Dismiss this action, pursuant to F.R.C.P 12(b)(6) or in the alternative, to transfer this

action pursuant to 28 U.S.C. Section 1404(a) to the U.S. District Court for the District of New Jersey.

2.  Pro Se Plaintiffs, Myrna B. Tagayun and Robert S. Mandell are New Jersey residents who currently reside at 1360 Clifton Avenue, #275, in Clifton, New Jersey.

3.  Defendant, Borough of Hawthorne, is a Municipality located within Passaic County, New Jersey.

4.  Defendant Municipal Court of Hawthorne, is the Court designated to hear municipal matters within the Borough of Hawthorne.

5.  Defendant John F. Meola is the Municipal Court Judge for the Borough of Hawthorne.

6.  Defendant, City of Clifton, is a Municipality located within Passaic County, New Jersey, neighboring the Borough of Hawthorne.

7.  Pro Se Plaintiffs filed their complaint on or about March 24, 2008, in the Federal District Court for the District of Columbia, setting forth two causes of action against numerous defendants (See Complaint attached hereto as Exhibit "A").

8.  Pro Se Plaintiffs filed an Amended Complaint on or about 4/14/08 naming additional defendants, including moving defendants, Municipal Court for the Borough of Hawthorne and Municipal Court Judge John F. Meola (See Amended Complaint attached hereto as Exhibit "B").

9.  In the first count of their complaint, Plaintiff is alleging that on or about May 5, 2005, defendant Bank of America proceeded to file a fraudulent mortgage foreclosure action against Plaintiffs.  They further allege that over the next

fourteen months, defendants Bank of America and Freddie Mac conspired to commit fraud in suing for foreclosure. The first count further alleges that the Superior Court of New Jersey, Chancery Division, Passaic County "willingly accepted" and "willingly cooperated" with the fraud and conspiracy by defendants Bank of America and Freddie Mac.

10.    Further, the Plaintiffs are alleging that as a result of the fraud and conspiracy by the above mentioned defendants, Plaintiffs were evicted from their home on or about July, 12 2006.

11.    The first count of Plaintiffs' Complaint alleges that defendants Bank of America, Freddie Mac, and the State of New Jersey operate a "racket" as defined under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. 1961 et seq.

12.    Defendant Borough of Hawthorne is not mentioned at all in the first count of Plaintiff's Complaint. There are no allegations directed toward this moving defendant in Plaintiff's first cause of action.

13.    In their second cause of action, Plaintiffs are alleging that during the aforesaid foreclosure proceedings, Defendant City of Clifton, New Jersey had assigned and directed an official employee, to conduct illegal searches of their residential property. Said searches allegedly consisted of "repeated vehicular drive by and taking of unauthorized photographs of the premises." This official then issued nine summonses through out the period of February 22, 2006 through May 18, 2006 alleging violations of Defendant City of Clifton local municipal ordinances (See summonses attached hereto as Exhibit "C").

14. These Clifton summonses were to be heard by Clifton Municipal Court Judge Scott J. Benion pursuant to New Jersey Court Rule 7:8-2 which provides that the prosecution for an offense shall take place in the jurisdiction in which the offense was committed (See R.7:8-2 attached hereto as Exhibit "D").

15. Judge Benion recused himself from hearing this matter as a result of a lawsuit filed against him individually, as well as the City of Clifton, by plaintiffs, Myrna Taguyen and Robert Mandell (See U.S. District Court Civil Docket for case #2:06-cv-SRC-CCC attached hereto as Exhibit "E").

16. Plaintiffs further allege that on August 14, 2006, the Municipal Court of the City of Clifton, New Jersey, served the Plaintiffs with a notice that all nine summonses were transferred to the venue of the Borough of Hawthorne without consent of Plaintiffs. Plaintiffs then filed the within complaint alleging that Defendant Borough of Hawthorne "persisted in assuming subject matter jurisdictional authority" to adjudicate the City of Clifton summonses. Plaintiffs claim that Defendant Borough of Hawthorne deprived Plaintiffs of their due process right to proceedings in the proper venue, under color of law pursuant to 42 U.S.C. 1983.

17. Once the Municipal Court of Hawthorne set these summonses down for hearing, plaintiffs filed an Amended Complaint naming additional defendants, Municipal Court of Hawthorne, and Municipal Court Judge John F. Meola (See Amended Complaint attached hereto as Exhibit "B").

18. New Jersey Court Rule 7:8-2 provides that in general, the prosecution for an offense shall take place in the jurisdiction in which the offense was committed. Subsection (b) however, provides that "in the event of the judge's disqualification

or inability for any reason to hear a pending matter, the judge . . . may refer the matter to the Assignment Judge for designation of an acting judge, or transfer the matter to a judge sitting in another municipality within the vicinage" (See Exhibit "D").

19.    On June 28, 2006, the Honorable Robert J. Passero, Assignment Judge for the Superior Court of New Jersey, Passaic County entered an order designating Municipal Court Judges within the Passaic Vicinage as Acting Judges for all Municipal Courts within Passaic.    Defendant, Municipal Court Judge John F. Meola, of the Borough of Hawthorne, was specifically named as an Acting Judge (See June 28, 2006 Order attached hereto as Exhibit "F").

20.    The Borough of Hawthorne is situated within the Passaic Vicinage and was designated based on its close proximity to Clifton as a convenience to the plaintiffs.

21.    The Municipal Division Manager's office, notified Christine Oravetz, Certified Municipal Court Administrator for the Borough of Hawthorne, of the transfer of the plaintiffs' municipal matter (See Affidavit of Christine Oravetz, attached hereto as Exhibit "G").

22.    The municipal matter had been set down for hearing in Hawthorne.    Once the present lawsuit was filed, the matter was transferred back to the Superior Court in Passaic County.

23.    Defendant Borough of Hawthorne now moves to dismiss Plaintiff's Complaint, or in the alternative, to change venue.

I HEREBY CERTIFY that the foregoing statements made by me are true.    I am

aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

DAVID T. PFUND, ESQ.

sworn to and subscribed before me

on this 12th day of May, 2008

NOTARY PUBLIC

DIANNA BAUER
Notary Public of New Jersey
Commission Expires 8/11/2011

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

MYRNA B. TAGUYUN and ROBERT S.    )
MANDELL                          )
                                  )
             Plaintiffs,        )
       *vs.*                     )  CIVIL ACTION NO. 08-CV-00476 (JR)
                                    )
FEDERAL HOME LOAN MORTGAGE    )  ORDER
CORP-. a/k/a "FREDDIE MAC", et al.    )
                                    )
            Defendants.       )

THIS MATTER, having been brought before the Court on the Motion of DONALD C. WEINBERG of DOMBROFF GILMORE JAQUES & FRENCH and DAVID T. PFUND, ESQ. of REISEMAN, ROSENBERG & PFUND, P.C., attorneys for the Defendants, Borough of Hawthorne, Municipal Court for the Borough of Hawthorne, and Judge John F. Meola, for an Order dismissing Plaintiffs Myrna B. Taguyun's and Robert S. Mandell's Amended Complaint or in the alternative, to transfer venue to the United States District Court of New Jersey; and the Court having considered the matter and good cause appearing,

IT IS on this _____ day of _____, 2008;

ORDERED that Plaintiffs, Myrna B. Taguyun's and Robert S. Mandell's Amended Complaint and this matter be and hereby are dismissed with prejudice.

                                          _____

                                          UNITED STATES DISTRICT JUDGE

COPIES TO:

Myrna B. Taguyun
Robert S. Mandell
1360 Clifton Avenue, Suite 275
Clifton, NJ 07012

Federal Home Loan Mortgage Corporation aka "Freddie Mac"
401 9th Street, N.W.
Washington, D.C.  20004

Bank of America, N.A.
101 S. Tryon Street
Charlotte, NC  28255

State of New Jersey
Office of the Attorney General
P.O. Box 080
Trenton, NJ  08625

City of Clifton, New Jersey
900 Clifton Avenue
Clifton, New Jersey  07013

Municipal Court of the City of Clifton, New Jersey
900 Clifton Avenue
Clifton, New Jersey  07013

Scott Bennion, Judge
Municipal Court of the City of Clifton, New Jersey
900 Clifton Avenue
Clifton, NJ  07013

Donald C. Weinberg, Esq.
Dombroff Gilmore Jaques & French
1676 International Drive – Penthouse
McLean, VA  22102
Attorneys for Defendants Borough of Hawthorne,
Municipal Court for the Borough of Hawthorne,
and Judge John F. Meola

David Pfund, Esq.
Mary McDonnell, Esq.
Reiseman, Rosenberg & Pfund
201 Littleton Road
Morris Plains, NJ  07950-0513
Attorneys for Defendants Borough of Hawthorne,
Municipal Court for the Borough of Hawthorne,
and Judge John F. Meola

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

MYRNA B. TAGUYUN and ROBERT S.    )
MANDELL    )
    )
    Plaintiffs,    )
    *vs.*    )  CIVIL ACTION NO. 08-CV-00476 (JR)
    )
FEDERAL HOME LOAN MORTGAGE    )  ORDER
CORP. a/k/a "FREDDIE MAC", et al.    )
    )
    Defendants.    )
_____)

THIS MATTER, having been brought before the Court on Motion of DONALD C. WEINBERG of DOMBROFF GILMORE JAQUES & FRENCH and DAVID T. PFUND, ESQ. of REISEMAN, ROSENBERG & PFUND, P.C., attorneys for the Defendants, Borough of Hawthorne, Municipal Court for the Borough of Hawthorne, and Judge John F. Meola, for an Order dismissing Plaintiffs Myrna B. Taguyun's and Robert S. Mandell's Complaint or in the alternative, to transfer venue to the United States District Court of New Jersey; and the Court having considered the matter and good cause appearing,

IT IS on this _____ day of _____, 2008;

ORDERED that this matter is transferred to the United States District Court of New Jersey.

_____
UNITED STATES DISTRICT JUDGE

COPIES TO:

Myrna B. Taguyun
Robert S. Mandell
1360 Clifton Avenue, Suite 275
Clifton, NJ 07012

Federal Home Loan Mortgage Corporation aka "Freddie Mac"
401 9th Street, N.W.
Washington, D.C.  20004

Bank of America, N.A.
101 S. Tryon Street
Charlotte, NC  28255

State of New Jersey
Office of the Attorney General
P.O. Box 080
Trenton, NJ  08625

City of Clifton, New Jersey
900 Clifton Avenue
Clifton, New Jersey  07013

Municipal Court of the City of Clifton, New Jersey
900 Clifton Avenue
Clifton, New Jersey  07013

Scott Bennion, Judge
Municipal Court of the City of Clifton, New Jersey
900 Clifton Avenue
Clifton, NJ  07013

Donald C. Weinberg, Esq.
Dombroff Gilmore Jaques & French
1676 International Drive – Penthouse
McLean, VA  22102
Counsel for the Defendants, Borough of Hawthorne,
Municipal Court for the Borough of Hawthorne, and Judge John F. Meola

David Pfund, Esq.
Reiseman, Rosenberg & Pfund
201 Littleton Road
Morris Plains, NJ  07950-0513
co-Counsel for the Defendants, Borough of Hawthorne,
Municipal Court for the Borough of Hawthorne, and Judge John F. Meola